**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Parris PRIDGEN, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 18, 2008.

Filed Jan. 26, 2009.

David J. Kaltenbaugh, Asst. Dist. Atty., Ebensburg, for Com., appellant.

BEFORE: BOWES, FREEDBERG and POPOVICH, JJ.

OPINION BY FREEDBERG, J.:

¶ 1 The Commonwealth appeals from the order entered on January 7, 2008, by the Honorable Timothy P. Creany, Court of Common Pleas of Cambria County, which granted in part and denied in part the motion to suppress evidence filed by Appellee Parris Pridgen.[1] After review, we affirm.

1. The Commonwealth may take an appeal of right from an order that does not end the entire case if the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution. Pa.R.A.P. 311(d); *Commonwealth v.*

¶ 2 The relevant facts and procedural history of this matter are as follows. On March 9, 2006, a confidential informant ("CI") purchased 1.35 grams of cocaine from the Appellee. The controlled buy was part of an investigation conducted by the Johnstown Police Department, the federal Organized Crime Drug Enforcement Task Force ("OCDEFT"), the Cambria County Drug Task Force, the Pennsylvania State Police, and the Federal Bureau of Investigation ("FBI"). The buy took place in the vehicle of an undercover officer, Trooper Karen Halligan, who was present throughout. During the operation, the CI, who is now deceased, wore a monitoring device which recorded the conversation. Trooper Halligan also utilized a monitoring device which did not record and was deployed solely for officer safety. While the intercept was consensualized under federal authority, no cross-authorization was obtained in conformity with any provision of the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 Pa. Cons.Stat. Ann. §§ 5701–5782.

¶ 3 On December 13, 2007, a hearing was held on Appellee's motion to suppress. Appellee did not offer any evidence at the hearing. The Commonwealth offered the testimony of Detective Thomas Owens of the Johnstown Police Department, who was the officer who monitored the recording device, and FBI Special Agent Arnold Bernard, who obtained the federal authorization for the intercept and who fitted the CI with the recording device. Trooper Halligan did not testify at the hearing and her written report was not made part of the record. On January 7, 2008, Judge Creany issued an order which granted in part and denied in part the motion to suppress. The order excluded "any and

all evidence pertaining to the wiretap and the taped conversations" but permitted introduction of any "controlled substance evidence procured by the Commonwealth by means unrelated to the wire interception." Suppression Court Order of January 7, 2008.

¶ 4 The Commonwealth filed a timely notice of appeal. The Suppression Court ordered it to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Accordingly, the Commonwealth filed the 1925(b) statement, and the suppression court subsequently issued its opinion.

¶ 5 On appeal, the Commonwealth raises the following issue for our review:

> Whether the suppression court erred by excluding (as the term "exclude" is contemplated by 18 Pa. Cons.Stat. § 5721.1(b)) "... any and all evidence pertaining to the wiretap and the taped conversation ..." inasmuch as, for purposes of the statutory exception to exclusion at 18 Pa. Cons.Stat. § 5721.1(c)(6), the Commonwealth demonstrated by a preponderance of the evidence application of such statutory exception?

Commonwealth's Brief at 4.

¶ 6 Our standard review when the Commonwealth appeals from an adverse suppression ruling is well settled. A reviewing court must consider only the evidence of the defendant's witnesses and so much of the evidence for the prosecution as, read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Huntington*, 924 A.2d 1252, 1254 (Pa.Super.2007), *appeal denied*, 593 Pa. 746, 931 A.2d 656 (2007). Further, the construction of a statute raises a question

*Torres*, 564 Pa. 86, 764 A.2d 532, 536, n. 2 (2001). The Commonwealth has filed such a

certification in this case.

of law. On questions of law, our standard of review is de novo, and our scope of review is plenary. *Commonwealth v. Bavusa,* 574 Pa. 620, 832 A.2d 1042, 1052 (2003).

¶ 7 As an initial matter, we wish to clarify the precise specifications of the suppression order. It appears that the Commonwealth believes that the order prohibits it from calling Trooper Halligan to testify as to any conversation she overheard during the controlled buy. However, the Suppression Court specifically notes in the 1925(a) Opinion that "evidence pertaining to the wiretap was excluded from trial but the Order permitted the Commonwealth to present evidence at trial obtained by unrelated means, including the controlled substance itself and the testimony of the undercover police officer involved." Suppression Court Opinion dated 3/05/08 at 1. Thus, the question before this Court is solely whether the trial court erred in excluding the recording of the wire tap itself and any transcripts resulting therefrom.

 ¶ 8 The Commonwealth contends that the suppression court erred in excluding the evidence obtained via intercept because the intercept fell within the exception to WESCA set forth in 18 Pa. Cons. Stat. Ann. § 5721.1(c)(6) as follows:

> Evidence shall not be deemed to have been derived from communications excludable under subsection (b) if the respondent can demonstrate by a preponderance of the evidence that the Commonwealth or the respondent had a basis independent of the excluded communication for discovering such evidence, or that such evidence would have been inevitably discovered by the Commonwealth or the respondent absent the excluded communication.

18 Pa. Cons.Stat. Ann. § 5721.1(c)(6). This Court recently held that the following considerations should guide the construction of WESCA:

> [o]ur review is guided by the rules set forth in the Statutory Construction Act of 1972 ("SCA"). 1 Pa.C.S.A. § 1501 *et seq.* The SCA instructs that "the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921(a). Further, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). When, however, the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering other matters. 1 Pa.C.S.A. § 1921(c).
>
> Under the SCA, "[w]ords and phrases shall be construed according to the rules of grammar and according to their common and approved usage[.]" 1 Pa. C.S.A. § 1903(a). If the General Assembly defines words that are used in a statute, those definitions are binding. *Commonwealth v. Kimmel,* 523 Pa. 107, 565 A.2d 426, 428 (1989). A court may presume that in drafting the statute, the General Assembly intended the entire statute to be effective. 1 Pa.C.S.A. § 1922(2). Thus, when construing one section of a statute, courts must read that section not by itself, but with reference to, and in light of, the other sections. *Commonwealth v. Mayhue,* 536 Pa. 271, 639 A.2d 421, 439 (1994).
>
> Our review is also guided by certain pronouncements the Supreme Court has made regarding the Wiretap Act's construction. Specifically, the Court has instructed that because the Act focuses on the protection of privacy, its provisions must be construed strictly. *Commonwealth v. Spangler,* 570 Pa. 226, 809

A.2d 234, 237 (2002). In addition, the Court has emphasized that the Wiretap Act is modeled on Title III ("Title III") of the Omnibus Crime Control and Safe Streets Act of 1968. Title III authorizes states to adopt wiretap statutes that trigger greater, but not lesser, protection than that available under federal law. *Id.* at 237, 809 A.2d 234, *citing* 18 U.S.C. § 2516(2) and *Commonwealth v. Birdseye,* 543 Pa. 251, 670 A.2d 1124, 1126 (1996).

*Commonwealth v. Deck,* 954 A.2d 603, 606–07 (Pa.Super.2008).

¶ 9 Keeping these principles in mind, we note that WESCA provides, in pertinent part, that after the submission of an application, a judge may enter an *ex parte* order authorizing the interception of wire, electronic, or oral communication anywhere within the Commonwealth, if the judge determines, based upon the facts contained within the application, that there is probable cause for belief that six stringent conditions exist. 18 Pa. Cons.Stat. Ann. § 5710. Here, the Commonwealth acknowledges that no prior judicial approval was obtained for the use of a body wire on the CI, that there was no emergency situation, and that it did not comply with the one-party consent provision contained within 18 Pa. Cons.Stat. Ann. § 5704(2)(ii).[2] N.T. 12/07/07 at 11 and 59.

¶ 10 The Commonwealth argues that, despite its failure to obtain prior judicial

authorization for the wiretap, the evidence was wrongly excluded. It claims it demonstrated, by a preponderance of the evidence, that there was an independent basis for the discovery of the evidence contained within the excluded communication, namely the testimony of the undercover officer, Trooper Halligan. Appellee responds that Trooper Halligan cannot be an independent source because she was part of the task force which obtained the illicit communication, and, thus, any corroboration by Trooper Halligan is tainted by the illegal wiretap.

¶ 11 However, neither party has addressed what we believe to be the cardinal point in this matter. While it is apparent that the exception would allow for the introduction of evidence, such as a controlled substance, derived from an illegal wiretap so long as the Commonwealth demonstrates either that it had an independent source for the discovery of the evidence or that the evidence would have been inevitably discovered, we see no legal support for the contention that the exception permits the admission of the recording and the transcript of the wiretap itself. As noted above, the protection of privacy is of paramount importance in construing the Wiretap Act. It strains credulity therefore, to read the exception as allowing for the admission of an illegal wiretap merely because of the presence of an additional witness to the conversation. Fur-

---

**2.** 18 Pa. Cons.Stat. Ann. § 5704 allows for the use of a wiretap without prior judicial approval in certain specific situations including where: one of the parties to the communication has given prior consent to such interception. However, no interception under this paragraph shall be made unless the Attorney General or a deputy attorney general designated in writing by the Attorney General, or the district attorney, or an assistant district attorney designated in writing by the district attorney, of the county wherein the interception is to be made, has reviewed the facts and

is satisfied that the consent is voluntary and has given prior approval for the interception; however such interception shall be subject to the recording and record keeping requirements of section 5714(a) (relating to recording of intercepted communications) and that the Attorney General, deputy attorney general, district attorney or assistant district attorney authorizing the interception shall be the custodian of recorded evidence obtained therefrom[.]

18 Pa. Cons.Stat. Ann. § 5704(2)(ii).

ther, such a reading is not consistent with the plain language of the exception, which clearly differentiates between the "excluded communication," *i.e.* the wiretap, and evidence derived from such an "excluded communication," such as the controlled substance, cash, *etc.* Thus, we find that the trial court did not error excluding the recording and transcript of the wiretap.

¶ 12 Based upon the foregoing, we hold that the suppression court did not err in suppressing any and all evidence pertaining to the wiretap and the taped conversations. As noted, the controlled substance and the Trooper's testimony as to the conversation which she observed are admissible. Accordingly, we affirm.

¶ 13 Order **AFFIRMED.** Case **REMANDED.** Jurisdiction **RELINQUISHED.**