COMMONWEALTH of Pennsylvania, Appellee

v.

Darrell Tyrone JAMES, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 4, 2010.

Filed Nov. 10, 2010.

Reargument Denied Jan. 7, 2011.

Michael J. Machen, Public Defender of Allegheny County, Suzanne M. Swan and Scott Rudolf, Assistant Public Defenders, for appellant.

Stephen A. Zappala, Jr., District Attorney, Michael W. Streily, Deputy Dist. Atty., Sandra Preuhs, Assistant District Attorney, for Com., appellee.

BEFORE: BENDER, PANELLA and KELLY, JJ.

OPINION BY KELLY, J.:

Appellant, Darrell Tyrone James, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas following the denial of his motion to suppress and his conviction of three counts of unlawful possession of firearms by a convicted offender and one count each of unlawful possession of body armor, unlawful possession of drug paraphernalia, and unlawful possession of marijuana.[1] We find that the trial court had jurisdiction to modify its suppression order more than thirty days after it was entered but before trial had commenced, because 42 Pa.C.S.A. § 5505 considers suppression orders interlocutory. We also find that the trial court, in determining the validity of the search warrant, violated the four corners rule set forth in Pa.R.Crim.P. 203(D) by considering evidence that was not contained in the affidavit of probable cause. We accordingly vacate and remand.

On April 20, 2007, police applied for and executed a search warrant at Appellant's residence. The affidavit of probable cause submitted with the application for the search warrant included evidence of drug paraphernalia discovered in Appellant's garbage. However, the affidavit did not specify the exact location from which the garbage was taken. From inside Appellant's home, the police recovered, *inter alia,* several guns, soft body armor, and a small amount of marijuana. (N.T., 3/6/08, at 15–16). Appellant admitted sole possession of the contraband and was charged with the counts listed above.

On March 3, 2008, Appellant filed a motion to suppress the evidence seized from his residence and his statements to the police. He contended that the search warrant was defective because the affidavit submitted with the application for the warrant failed to establish probable cause. (Motion to Suppress, 3/3/08, at 4). The trial court held a suppression hearing on March 6th, and orally granted Appellant's motion at a second hearing on May 28th. (N.T., 5/28/08, at 3).

On June 9, 2008, the Commonwealth filed a motion to reconsider suppression, which the trial court initially denied at a hearing on June 30th, but granted in a written order later that day. After a hearing on the motion to reconsider, the trial court orally denied Appellant's motion to suppress on October 22nd. (N.T., 10/22/08, at 24). Appellant entered a guilty plea on November 25th, and was sentenced to four to eight years' incarceration. He filed a timely notice of appeal and a Pa.R.A.P.1925(b) concise statement of matters complained of on appeal.

■ Appellant raises two issues for our review. First, he argues that the trial court "exceeded its authority and acted beyond its jurisdiction" when it vacated the May 28, 2008 suppression order more than thirty days after it was entered. (Appellant's Brief, at 13). Second, Appellant contends that in deciding whether the search warrant was properly issued, the trial court violated Pa.R.Crim.P. 203(D) by allowing the Commonwealth to present oral testimony at the October 22, 2008 suppression hearing that was not contained in the affidavit of probable cause. (*Id.,* at 35).

■ "On questions of law, our standard of review is *de novo,* and our scope of review is plenary." *Commonwealth v. Pridgen,* 965 A.2d 1208, 1210 (Pa.Super.2009). A final order is one that "dis-

---

1. 18 Pa.C.S.A. §§ 6105(a)(1), 907(c); 35 P.S. § 780–113(a)(31), (32).

poses of all claims and of all parties." Pa.R.A.P. 341(b)(1). Pretrial orders, such as suppression orders, are generally considered interlocutory. *Commonwealth v. Knoeppel,* 788 A.2d 404, 406 (Pa.Super.2001), *appeal denied,* 569 Pa. 717, 806 A.2d 859 (2002). As to appellant's first claim, section 5505 of the Judicial Code provides that "a court ... may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505. However, this thirty day limit only applies to the modification of final orders; interlocutory orders can be modified beyond the thirty-day time frame. *Commonwealth v. Nicodemus,* 431 Pa.Super. 342, 636 A.2d 1118, 1120 (1993), *appeal denied,* 540 Pa. 580, 655 A.2d 512 (1994).

Here, Appellant's motion to suppress was granted on May 28, 2008. The Commonwealth filed a motion for reconsideration on June 9th, and the trial court granted the motion at a hearing on June 30th. Appellant contends that the suppression order was a final order because it "had the practical effect of making a successful prosecution of him impossible." (Appellant's Brief, at 21). Thus, he argues, the trial court only had until June 27th to reconsider the suppression order. The trial court, citing to *Commonwealth v. Padilla,* 923 A.2d 1189 (Pa.Super.2007), *appeal denied,* 594 Pa. 696, 934 A.2d 1277 (2007), in its 1925(a) opinion, as well as the Commonwealth, agree. (*See* Trial Ct. Op.,

3/5/09, at 20); (Commonwealth's Brief, at 3–4). While Appellant makes a compelling argument regarding the dispositive nature of the suppression order, we disagree.

In *Padilla,* this Court stated:

> **For purposes of an appeal,** the court's ruling on a motion *in limine* is the same as a pre-trial suppression order. "[A] pretrial suppression order is, in its practical effect, a final order[.]" *Commonwealth v. Bosurgi,* [411 Pa. 56] 190 A.2d 304, 308 ( [Pa.] 1963).

\* \* \*

> Implicit in the Supreme Court's discussion in *Bosurgi* and its progeny about the finality of a pre-trial ruling **for purposes of appeal** is the importance of finality for purposes of trial strategy.

*Id.* at 1194 (some citations omitted). In accordance with Pa.R.A.P. 311,[2] *Padilla* categorizes a pretrial suppression order as a final order **for purposes of appeal only.** *Id.* However, such an order is still considered interlocutory pursuant to 42 Pa. C.S.A. § 5505. *See Commonwealth v. Hoffman,* 367 Pa.Super. 79, 532 A.2d 463 (1987) (Commonwealth can directly appeal suppression order, but it is "otherwise [an] interlocutory order."), *appeal denied,* 518 Pa. 636, 542 A.2d 1366 (1988), *cert. denied,* 488 U.S. 928, 109 S.Ct. 315, 102 L.Ed.2d 334 (1988). Appellant cites to no relevant authority indicating otherwise, and we have uncovered none. Accordingly, we find that the trial court had jurisdiction to

---

2. In general,

the jurisdiction of this Court is confined to appeals from final orders of the courts of common pleas. An order is final if it effectively puts a litigant out of court; thus, pretrial orders are ordinarily considered interlocutory and not appealable. "However, an exception to the final order rule exists in orders of the trial court suppressing evidence the Commonwealth seeks to admit in a criminal trial." A Commonwealth appeal in a criminal case is governed by Pennsylvania Rule of Appellate Procedure 311, which permits the Commonwealth to take an interlocutory appeal as of right from a pretrial suppression order when the Commonwealth certifies that the order will "terminate or substantially handicap the prosecution."

*Knoeppel, supra* (citations omitted).

grant the Commonwealth's motion for reconsideration on June 30, 2008.

■ We now turn to Appellant's second issue, that the trial court violated Pa. R.Crim.P. 203(D) at the October 22, 2008 suppression hearing by soliciting and considering testimony outside the four corners of the search warrant affidavit in deciding whether the warrant should have been issued. Specifically, he contends that because the affidavit contains no facts concerning the location where the garbage was found, it failed to establish probable cause for issuance of the warrant.

The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect against unreasonable searches and seizures. The Pennsylvania Constitution states in relevant part:

The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.[ ]

The protection provided by Article I, Section 8 extends to areas where an individual has a reasonable expectation of privacy.

\* \* \*

... [E]vidence discovered as a result of a search that violates the fundamental constitutional guarantees of Article I, Section 8 will be suppressed

*Commonwealth v. Ruey,* 586 Pa. 230, 892 A.2d 802, 808 (2006) (citations, quotation marks, and emphasis omitted).

In *California v. Greenwood,* 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988), the United States Supreme Court upheld the warrantless search and seizure of garbage left for collection outside the defendant's home. Specifically, the Court concluded that the defendant failed to demonstrate a subjectively reasonable expectation of privacy in his discarded trash. Similarly, the Pennsylvania Courts have long held that a person has no reasonable expectation of privacy in items voluntarily abandoned as garbage in a public space. *See, e.g., Commonwealth v. Perdue,* 387 Pa.Super. 473, 564 A.2d 489, 493 (1989), *appeal denied,* 524 Pa. 627, 574 A.2d 68 (1990). However, as this line of reasoning speaks to garbage left for collection in an area **accessible to the public,** the location of the garbage seized is of paramount importance. *See Greenwood, supra* at 40–41, 108 S.Ct. 1625.

■ Pa.R.Crim.P. 203 provides in pertinent part:

(B) No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

(D) At any hearing on a motion for the return or suppression of evidence, or for suppression of the fruits of evidence, obtained pursuant to a search warrant, **no evidence shall be admissible to establish probable cause other than the affidavits** provided for in paragraph (B).

Pa.R.Crim.P. 203(B), (D) (emphasis added). Indeed, this Court has held that "[i]n analyzing whether a warrant was supported by probable cause, **judicial review is confined to the four corners of the affidavit.**" *Commonwealth v. Coleman,* 574 Pa. 261, 830 A.2d 554, 560 (2003) (citation omitted) (emphasis added), *appeal denied,* 581 Pa. 696, 864 A.2d 1203 (Pa.2004). Furthermore, "[i]n deciding whether a

warrant issued in part upon information obtained through exploitation of illegal police conduct is valid, [the reviewing court] must consider whether, absent the information obtained through the illegal activity, probable cause existed to issue the warrant." *Commonwealth v. Shaw,* 476 Pa. 543, 383 A.2d 496, 502 (1978), *appeal denied,* 524 Pa. 607, 569 A.2d 1366 (1989).

In the instant case, the affidavit states that Detective Kucic, the affiant, received information from a concerned citizen on April 11, 2007 regarding suspicious activity at Appellant's residence. (*See* Affidavit of Probable Cause, 4/20/07, at 1).

> On 4/13/07 Det[ective] Volker and [Detective Kucic] conducted a trash pull of [Appellant's residence]. Upon searching the garbage **taken from the residence** Det. Volker did recover "diapers" which are sandwich baggies with the corners torn off of them. Approx. 20 of the baggie "diapers" were found inside an empty plastic sandwich baggie box. Also found was one plastic baggie with marijuana stems and seeds inside of it, approx. 3 plastic baggie "knots," 10 plastic baggie "corners" and 1 plastic baggie with cocaine residue inside it. The plastic baggie residue was field tested using Narcopouch 904B which tested positive for the presence of cocaine.

(*Id.*) (emphasis added).

On April 14th, a criminal history report revealed that Appellant had five prior arrests for narcotics, and two prior arrests and one conviction for firearm violations. (*Id.*). On April 17th, a confidential informant [3] was seen exiting Appellant's neighbor's house, and informed Detective Kucic that he knew the occupants of Appellant's residence were selling cocaine because of the foot traffic to and from the house and his personal knowledge of individuals visiting the residence. (*Id.*). Detectives Volker and Kucic conducted surveillance of Appellant's residence between April 16th and April 19th, and saw a female "leaving the residence quite frequent[ly] and returning a short time later. Also observed were several vehicles pulling up in front of the residence, [and] an individual was observed going into the residence and leaving a short time later." (*Id.,* at 1–2).

> On 4/19/07 Det[ective] Volker and [Detective Kucic] conducted a final trash pull of [Appellant's residence]. Upon searching the garbage **taken from the residence** Det. Volker did recover ten "diapers" which are plastic baggies with the corners torn off, 2 plastive baggies with marijuana residue, one plastic baggie knot and a plastic corner of a baggie with cocaine residue. The plastic baggie corner was field tested using a Narco-Pouch 904B which tested positive for the presence of cocaine. Indicia of [Appellant's] residency was located in said trash . . . [via a cable bill].

(*Id.,* at 2) (emphasis added).

In support of his motion to suppress, Appellant argued that the affidavit did not provide specific information regarding the location from which the garbage was taken. (Appellant's Memorandum of Law in Support of Motion to Suppress Evidence, 4/17/08, at 2). He contended that supplemental information regarding the location of the trash was necessary to determine whether his constitutional rights were violated during the search, and thus, "when reviewing the search warrant application, the [c]ourt should set aside any information garnered as a result of the 'trash pulls.'" (*Id.,* at 2–3); *see Shaw, supra.*

---

3. The trial court determined this confidential informant to be unreliable. (N.T., 3/6/08, at 30).

Appellant argued that the remaining information in the affidavit did not support a finding of probable cause. At the May 28, 2008 suppression hearing, the trial court agreed.

> [Trial Court]: [H]ow do I ignore case law? I mean, the affidavit for probable cause says there was a trash pull. It doesn't indicate when the trash pull occurred and where the trash pull occurred. It is my reading if the trash pull occurred in the backyard before it is set out for collection, then [the warrant] is defective.
>
>        \*          \*          \*
>
> [Trial Court]: In this particular case . . . [Appellant's] motion to suppress is granted.

(*Id.*, at 2–3).

■ In its motion for reconsideration, the Commonwealth conceded that suppression would be the appropriate remedy if the police officer had violated Appellant's constitutional protections by "invading his home and seizing [his] garbage without a warrant." (Commonwealth's Motion to Reconsider Suppression, 6/9/09, at 3). Thus, relying on an opinion from the Fourth Circuit Court of Appeals, it urged the trial court to hold a hearing to clarify the location of the trash pulls. *See United States v. Tate*, 524 F.3d 449 (4th Cir.2008). (Commonwealth's Motion to Reconsider Suppression, at 4). However, the trial court found that such case authority was not binding,[4] and the Commonwealth conceded that there was no Pennsylvania case law that would support an evidentiary hearing to determine the location of the trash pull. (*See* N.T., 6/30/08, at 2–3). The trial court denied the Common-

wealth's motion to reconsider on the record, (*id.*, at 9), but later that day, without explanation, issued a written order granting the motion. (Order, 6/30/08).

At the second suppression hearing on October 22, 2008, the trial court explained its decision to grant the Commonwealth's motion:

> [The trial court] originally granted the motion to suppress, but after thinking about it, determined there actually were two constitutional issues involved; one constitutional issue having to do with the search warrant itself, and the other constitutional issue having to do with whether or not there is a violation of [Appellant's] constitutional rights in the garbage pull, right? [ ]
>
> I believe that it's an interesting issue, but I also believe that my read on it is accurate. That is to say the Commonwealth has, because there is a second constitutional issue, i.e., which is whether or not the trash pull was a violation of [Appellant's] constitutional rights, that the Commonwealth can address that particular issue with evidence outside the four corners of the warrant; and so I granted the Commonwealth's motion to reconsider my hearing on the motion to suppress and have given the Commonwealth an opportunity to present evidence and only in so far as the trash pull and not anything to do with the four corners of the warrant.

(N.T., 10/22/08, at 3–4).

Detective Volker then testified that trash is collected in the county of Appellant's residence on Fridays, and that between 4:00 a.m. and 5:00 a.m. on Friday, April 13, 2007, and 9:30 and 11:00 p.m. on Thursday, April 19th, he and Detective

---

4. Decisions of federal courts other than the United States Supreme Court are not binding on Pennsylvania state courts. *Commonwealth v. Lambert*, 765 A.2d 306, 315 n. 4 (Pa.Su-

per.2000), *aff'd*, 387 F.3d 210 (3d Cir.2004), *cert. denied*, 544 U.S. 1063, 125 S.Ct. 2516, 161 L.Ed.2d 1114 (2005).

Kucic conducted trash pulls from **the sidewalk** adjoining the steps leading to Appellant's residence. (*Id.,* at 9, 11, 17). Based upon this testimony, the trial court concluded that Appellant had no expectation of privacy in his "abandoned" trash, and denied his motion to suppress on the record. (*Id.,* at 24). Appellant objected to this ruling as a violation of the four corners rule set forth in Pa.R.Crim.P. 203(D) and his objection was overruled. (*Id.,* at 25–26).

We find that the trial court violated the four corners rule by considering extrinsic evidence that was not contained in the affidavit of probable cause to determine the validity of the search warrant. Appellant was not challenging the trash pull itself, but rather the existence of probable cause on the face of the affidavit. Thus, the question for the trial court was whether sufficient probable cause existed within the four corners of the affidavit to support the magistrate's decision to issue the search warrant. *See* Pa.R.Crim.P. 203(D); *Coleman, supra.* Pa.R.Crim.P. 203(D) prohibits a reviewing court from hearing supplemental testimony on what it deems to be a "second constitutional issue," (N.T., 10/22/08, at 4), and then using that evidence to determine whether sufficient probable existed for a magistrate to issue a search warrant. Indeed, this Court has specifically rejected the use of extrinsic evidence in order to salvage a deficient warrant, *see Commonwealth v. Vaughan,* 789 A.2d 261, 266 (Pa.Super.2001) ("While ... extrinsic evidence **might** be relevant to our analysis, we must defer to our Supreme Court to so state unequivocally and will not open the door to this method of salvaging a deficient warrant without that Court's explicit guidance.").

Accordingly, we find that the trial court violated Pa.R.Crim.P. 203(D) at the October 22, 2008 suppression hearing by soliciting and considering testimony outside the four corners of the affidavit of probable cause in the course of deciding whether the search warrant should have been issued. Accordingly, we vacate the order denying Appellant's motion to suppress and the judgment of sentence and remand for proceedings consistent with this opinion.

Order vacated. Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.