J-S38039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DAVID HASSAN ALI HAYWOOD | |
| | No. 3645 EDA 2016 |

Appeal from the Order Entered November 16, 2016
in the Court of Common Pleas of Monroe County Criminal Division
at No(s):CP-45-CR-0000115-2016

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                 **FILED AUGUST 21, 2017**

The Commonwealth appeals from the order entered in the Monroe County Court of Common Pleas denying the motion for joinder and consolidation with ***Commonwealth v. David Assan Ali Haywood***, 3644 EDA 2016.[1]  The order further provided that the Commonwealth would not be permitted to introduce Appellee, David Hassan Ali Haywood's, prior convictions in its case in chief.  The court deferred ruling on the remainder of the Commonwealth's Pa.R.Evid. 404(b) motion regarding other acts evidence until the time of trial.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The appeal in ***Haywood***, 3644 EDA 2016, is also before this panel.  We note that the Commonwealth has filed virtually identical briefs in both cases.  The trial court filed one Pa.R.A.P. 1925(a) opinion.

The trial court summarized the facts and procedural posture of this case as follows:

> On November 27, 2015, Trooper Petrucci of the Pennsylvania State Police initiated a traffic stop of [Appellee's] vehicle which, while making a turn, almost collided with his marked patrol car. During his interaction with [Appellee], Trooper Petrucci noticed several indicia of intoxication. He also observed tiny pieces of suspected marijuana on [Appellee's] lap.
>
> Based on these observations, Trooper Petrucci asked [Appellee] to step out of the vehicle. [Appellee] complied and consented to a search of his person. The search uncovered a small baggie of suspected marijuana and $995 in cash. [Appellee] was placed under arrest and his vehicle was searched incident to arrest. During the search of the vehicle, two bundles of heroin, consisting of a total of 100 small baggies, were discovered concealed inside magazines.
>
> As a result, [Appellee] was arrested and charged with Possession With the Intent to Deliver (PWID) Heroin,[2] Possession of Heroin,[3] several counts of Driving Under the Influence[4] (DUI), and summary traffic offenses.[5]
>
> [Appellee] was taken for processing. The marijuana and heroin were field tested and confirmed. [Appellee] consented to a legal blood draw. During a subsequent interview, [Appellee] admitted that he had smoked marijuana and told police that he snorts eight to ten bags of heroin per day.
>
> \* \* \*

---

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(16).

[4] 75 Pa.C.S. § 3802(a)(1), (d)(1).

[5] 75 Pa.C.S. § 3309(1); 75 Pa.C.S. § 3331(a).

[O]n June 27, 2016, the Commonwealth filed a motion to join [this case with 876 Criminal 2016] for trial. As the basis for its motion, the Commonwealth cited to the proffered 404(b) evidence, claiming that "the evidence of each offense would be admissible at trial for the other, the jury could easily separate the evidence and avoid confusion, and [Appellee] would suffer no undue prejudice." (Commonwealth's Motions for Joinder, filed June 27, 2016, ¶ 6).

\* \* \*

On August 26, 2016, [Appellee] filed objections to the joinder motion and the introduction of the proffered 404(b) evidence.

R.R. at 21a-22a, 24a-26a.[6]

On August 11, 2016, a hearing was held on the motion for joinder of the two cases and the Commonwealth's notice of intent to introduce Rule 404(b) evidence. *Id.* at 195a.

[The Commonwealth:] Your Honor, what I just submitted to the [c]ourt are the 404(b) notices that were provided to defense counsel in both cases seeking to admit the evidence in one case as evidence in the other case.

Based upon that Your Honor the Commonwealth would seek joinder of these two matters for the purposes of trial.

The Court: So is this separate?

A: They're marked collectively, Your honor.

The Court: No, but is this a separate request? You're saying that because you believe that there is other acts evidence from each case that could go in the other you're asking for joinder or are you also asking it in the way of

---

[6] For the parties' convenience, we refer to the reproduced record where applicable.

> let's say a motion *in limine* to be permitted to admit the other acts evidence?  I'm not clear.
>
> A: I didn't file a motion *in limine* as it relates to—I belive that could be taken up as we approach trial or if they're going to file a motion *in limine* to exclude that evidence or challenge that 404(b) notice evidence.  **I'm not seeking to have the [c]ourt today rule on the 404(b)**, just on the joinder Your Honor.

*Id.* at 198a-99a (emphasis added).  The court stated "at this point in time I think It's just premature for the [c]ourt to rule on the joinder . . . ." *Id.* at 200a.  At the conclusion of the hearing, the trial court ordered, *inter alia*, that Appellee "shall have 15 days from the date of this Order within which to file an objection or motion with respect to the Commonwealth's notices of prior bad acts." *Id.* at 213a.

On October 27, 2016, a hearing was held on Appellee's objection to the Commonwealth's 404(b) notice and motion for joinder. *Id.* at 216a.

> [The Commonwealth:] And I would point out first, if we could look at it from a 404(b) standpoint, the first offense involved—excuse me.  The first case involved a traffic stop where [Appellee] was then found to be in possession of 210 bags of heroin as well as some marijuana, and he was driving under the influence of marijuana.  At that point, Your Honor, he had asserted that it was—the 200 bags were personal use.  Then we—that was in November of 2015.
>
> Then in early April of 2016, the facts giving rise to the case at 876 Criminal 2016, Pocono Township officers responded to [Appellee's] address for a domestic related call.  At that time, [Appellee] was exiting the residence, was believed to be impaired.  There was an odor of marijuana.  When he was searched as part of his detention, when the officers were responding to the domestic, he was found to be in possession of a small

amount of marijuana. There was then a search warrant executed upon the residence, and there was 700 bags of heroin located inside of the residence. And I would also note that both in the search of the vehicle as well as the search of the house a large sum of money was also recovered from each.

So if the cases were separated, Your Honor, the Commonwealth would be seeking to use evidence of the other offense as 404(b) notice in order to establish, most importantly, intent. These are [PWID] offenses.

[Appellee], to my understanding, he's always asserted that these packets of heroin have been for personal use and not related to any sort of transaction in illegal narcotics.

\* \* \*

And so we would seek to use the evidence of one as 404(b) evidence in the other.

\* \* \*

With regard to the other [7 PWID[7]] offenses, Your Honor, the Commonwealth is not seeking to introduce those, obviously, as a propensity to commit crimes; but it goes first in rebuttal to [Appellee's] assertion that this is personal use and also to his intent, which is an element of the offense of PWID, that he, in fact, was possessing this heroin with intent to deliver it.

\* \* \*

[Defense counsel]: Your honor, the seven prior PWIDs, you have to—we have to view this in a practical manner. The jury is going to hear that, and they are going to say, Well, there is absolutely no way he doesn't have a propensity to deal in heroin. That is the way it's going to be done. So it comes with a very high risk of unfair

---

[7] **See also** R.R. at 57a-58a.

- 5 -

prejudice. And I don't think that we can simply presume in such circumstances that a [c]ourt instruction is going to ironclad steel their minds about making that inference.

***Id.*** at 223a-25a, 227a.

The trial court entered the following order:

> AND NOW, this 15th day of November, 2016, it appearing that the Order dated November 1, 2016, inadvertently omitted a portion of the Court's ruling and contained an incorrect docket number in the caption, the Order dated November 1, 2016 is VACATED and replaced with the following:
>
> After hearing, it is ORDERED that the Commonwealth's motion for joinder and consolidation of these cases is DENIED.
>
> The Commonwealth will not be permitted to introduce [Appellee's] prior convictions in its case in chief.
>
> The remainder of the Commonwealth's motion regarding other acts evidence will be decided at time of trial.[8]

---

[8] We note that

> [S]ection 5505 of the Judicial Code provides that "a court . . . may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505. However, this thirty day limit only applies to the modification of final orders; interlocutory orders can be modified beyond the thirty-day time frame.

***Commonwealth v. James***, 12 A.3d 388, 391 (Pa. Super. 2010), *rev'd on other grounds*, 69 A.3d 180 (Pa. 2013) (some citations omitted). In the instant case, the trial court modified the interlocutory order within thirty days.

*Id.* at 30a. This timely appeal followed. The Commonwealth filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and the trial court filed a responsive opinion.

The Commonwealth raises the following issues for our review:

> Whether the lower court erred in failing to rule on the Commonwealth's evidence of other acts evidence identified as the Cross-Case Evidence as provided in the Commonwealth's Pa.R.Evid. 404(b) Notice and allowing for modification of the admissibility of such evidence during trial by the trial judge, contrary to Pa.R.Crim.P. 580?

> Whether the lower court abused its discretion in denying the Commonwealth's Motion to Join pursuant to Pa.R.Crim.P. 582(A) the Instant Matter with **Commonwealth v. David Haywood**, an issue properly before this Court, based upon the erroneous denial of the admission of the Pa.R.Evid. 404(b) evidence?

> Whether the lower court abused its discretion in denying the admission at trial of all the Commonwealth's proffered Pa.R.Evid. 404(b) evidence, including the Prior PWI[D] Evidence and Cross-Case Evidence as provided in the Commonwealth's 404(b) notice?

Commonwealth's Brief at 5.[9]

As a prefatory matter, we consider whether the trial court's deferred ruling on the Cross-Case evidence is appealable. In the case *sub judice*, the trial court found the issue was unappealable pursuant to Pa.R.A.P. 311(d). **See** R.R. at 32a-33a. We agree.

Pa.R.A.P. 311 provides, in pertinent part, as follows:

---

[9] For ease of disposition, we have reordered Appellant's issues.

> (d) **Commonwealth appeals in criminal cases.**—In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 311(d). Pursuant to Pa.R.A.P. 904, "[w]hen the Commonwealth takes an appeal pursuant to Pa.R.A.P. 311(d), the notice of appeal shall include a certification by counsel that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 904(e).

When the Commonwealth appealed the November 3rd order they filed a statement in compliance with Pa.R.A.P. 311(d) stating as follows:

> The undersigned hereby certifies that the Court Order dated November 1, 2016, **denying the Commonwealth's Motion for Joinder and denying the Commonwealth's 404(b) evidence as it related to [Appellee's] prior convictions for [PWID]**, will substantially handicap the prosecution of [Appellee] in the above-captioned case.

Notice of Appeal, 11/18/16 (emphasis added).

> Under [Section 311(d)], the Commonwealth may appeal if it certifies the interlocutory order will terminate or substantially handicap the prosecution . . . . Such certification is required as a means of preventing frivolous appeals and appeals intended solely for delay. Failure to include the certification renders the questioned order unappealable.

***Commonwealth v. Brister***, 16 A.3d 530, 533–34 (Pa. Super. 2011) (citations and quotation marks omitted).

- 8 -

In the case *sub judice*, the Commonwealth's Rule 311(d) certification did not refer to the deferred ruling on the Cross-Case evidence. **See infra**. n.2. Therefore, the issue is unappealable. **See Brister**, 16 A.3d at 533-34.

Next, we consider whether the order denying the motion for joinder is appealable under Rule 311(d). The trial court found that it was not an appealable order. In **Commonwealth v. Woodard**, 136 A.3d 1003 (Pa. Super. 2016), *appeal denied*, 158 A.3d 1242 (Pa. 2016), this Court opined:

> an order denying joinder, like an order granting severance, is interlocutory and thus not appealable. Here, the Commonwealth is free to seek conviction on all counts, against each defendant, in . . . separate trials. Therefore, denial of the motion for joinder does not terminate or substantially handicap the prosecution and is not appealable under Rule 311(d). To expand Rule 311(d) to encompass such interlocutory review would be to disturb the orderly process of litigation. Strict application of the Rule assures that trials will go forward as scheduled.

*Id.* at 1007 (citations and quotation marks omitted). Therefore, the issue is unappealable. **See id.**

Lastly, the Commonwealth contends the trial court abused its discretion in denying the admission of its proffered Rule 404(b) evidence. **See** Commonwealth's Notice of Prior Bad Acts, R.R. at 56a-58a. The Commonwealth argues that "all of [its] proffered Rule 404(b) evidence is admissible as it is offered to support intent, common scheme, and/or knowledge of drug trafficking and the lower court's decision to deny the admission of the prior PWI[D] evidence and cross-case evidence is an abuse

of discretion."[10]  Commonwealth's Brief at 16.  The Commonwealth contends

"the evidence proffered by [it] in this case has a proper purpose as

permitted by Rule 404(b) and as the Commonwealth has demonstrated a

need for this evidence and shown that the probative value of the evidence

outweighs any prejudicial effect (including use of a cautionary instruction),

the evidence should be permitted at trial."  *Id.* at 23-24.

Our review is governed by the following principles:

> Evidence is admissible if it is relevant—that is, if it tends to establish a material fact, makes a fact at issue more or less probable, or supports a reasonable inference supporting a material fact—and its probative value outweighs the likelihood of unfair prejudice.  Admissibility of evidence is within the sound discretion of the trial court and we will not disturb an evidentiary ruling absent an abuse of that discretion.  Moreover, evidence of prior bad acts, while generally not admissible to prove bad character or criminal propensity, is admissible when proffered for some other relevant purpose so long as the probative value outweighs the prejudicial effect.  *Commonwealth v. Morris*, [ ] 425 A.2d 715, 720 ([Pa.] 1981) (law does not allow use of evidence which tends solely to prove accused has criminal disposition).  Such evidence may be admitted to show motive, identity, lack of accident or common plan or scheme.  *Commonwealth v. Briggs*, [ ] 12 A.3d 291, 337 ([Pa.] 2011) (Rule 404(b)(2) permits other acts evidence to prove motive, lack of accident, common plan or scheme and identity).  In order for other crimes evidence to be admissible, its probative value must outweigh its potential for unfair prejudice against the defendant, Pa.R.E. 404 (b)(2), and a comparison of the crimes proffered must show a logical connection between them and the crime currently charged.

---

[10] We note that the Commonwealth's Rule 311(d) statement does not raise the issue of the cross-case evidence.  *See Brister*, 16 A.3d at 533–34.

***Commonwealth v. Hicks***, 156 A.3d 1114, 1125 (Pa. 2017) (some citations and quotation marks omitted).

After careful consideration of the record, the parties' briefs, and the well-reasoned decision of the Honorable, Jonathan Mark, we affirm on the basis of the trial court's decision. ***See*** Trial Ct. Op., 1/24/17, at 17-27 (holding the prejudicial effect of admitting the seven prior PWID convictions during the Commonwealth's case in chief would outweigh its probative value). Accordingly, having discerned no error of law or abuse of discretion, we affirm the order. ***See Hicks***, 156 A.3d at 1125.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/21/2017</u>