COMMONWEALTH of Pennsylvania, Appellant,

v.

Lauren Denise WILLIAMS, Appellee.

Commonwealth of Pennsylvania, Appellant,

v.

Marie Melvin Williams, a/k/a Marie Travillion, Appellee.

Commonwealth of Pennsylvania, Appellee,

v.

Maria Melvin Williams, Appellee.

Appeal of City of Pittsburgh, Appellant.

Commonwealth of Pennsylvania, Appellee,

v.

Lauren Denise Williams, Appellee.

Appeal of City of Pittsburgh, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 20, 1998.

Filed April 6, 1999.

Reargument Denied June 10, 1999.

James R. Gilmore, Asst. Dist. Atty., Pittsburgh, for Com.

Randall C. Marshall, Pittsburgh, for City of Pittsburgh, appellant.

Paul D. Boas, Pittsburgh, for Lauren Denise Williams and Marie Melvin Williams, appellees.

Before DEL SOLE and JOHNSON, JJ., and CIRILLO, President Judge Emeritus.

DEL SOLE, J.:

¶ 1 These are consolidated appeals brought by the Commonwealth of Pennsylvania and by the City of Pittsburgh from Orders granting Appellees' motions for discovery and dismissing charges against Appellees and from Orders denying the City of Pittsburgh's Motion for Reconsideration of Order to Produce Records and Quash Subpoenas. We quash the appeal brought by the City of Pittsburgh and reverse the trial court's order dismissing the charges filed against Appellees.

¶ 2 The facts underlying these appeals were summarized by the trial court as follows:

> The defendant Tyrone Lecelle Good, was charged at CC9610561 with Aggravated Assault, 18 Pa.C.S. § 2702(a)(3), Escapa [sic], 18 Pa.C.S. § 5121, Resisting Arrest, 18 Pa.C.S. § 5104 and Disorderly Conduct, 18 Pa.C.S. § 5503. Co-defendant Maria M. Williams was charged at CC9610494 with one (1) count each of Aggravated Assault, 18 Pa.C.S. § 2702(a)(3), Obstruction of Law or Other Governmental Function, 18 Pa. C.S. § 5101, Resisting Arrest, 18 Pa.C.S. § 5104, Failure to Disperse, 18 Pa.C.S. § 5502 and Disorderly Conduct, 18 Pa. C.S. § 5503. Co-defendant Lauren Williams was similarly charged at CC9610550. All charges for each defendant arose from the same incident and the issues on appeal are identical for each defendant. This Court's Opinion, therefore, will be identical for each defendant.
>
> On June 16, 1997, a hearing was held on the defendants' Motion for Discovery wherein all of the defendants sought an in-camera review of the City of Pittsburgh Office of Municipal Investigation

(OMI) reports and personal files for two City of Pittsburgh Police Officers involved in the arrest of the defendants. The defendants alleged that the officers in question had been involved in similar incidents in the past and one officer had been transferred shortly after the instant incident. It was the contention of the defendants that:

1. the officers brought the charges to cover up for the injuries which had been inflicted on the defendants; and,
2. similar and repeated acts of aggressive force would demonstrate the aggressive nature of the particular officers in question and a pattern of similar acts.

The Commonwealth took the position at the hearing that the defendants had the burden of proving that the evidence requested in the discovery motion was material and in the interest of justice.

This Court granted the defendants' motion for discovery and ordered that for the time period eighteen (18) months prior to the incident, the OMI and personnel file records were to be delivered directly to the Court for an in-camera review on June 24, 1997.

At the time scheduled for the production of the records, the City of Pittsburgh, through its Solicitor, filed a Motion for reconsideration of this Court's order which directed that the records be produced. It was the City's position "that it ought not be required to produce these kinds of records, and certainly ought not to be done without some sort of subpoena or opportunity to be heard prior to their Order." (June 24 Hearing Transcript, hereafter "HT"). The City had a full and complete opportunity to be heard on its motion for reconsideration after which this Court limited the scope of its order to produce by excluding all OMI investigations which were "Closed by Memo", a catch-all which covers miscellaneous dispositions, such as: complaint withdrawn or lack of cooperation from the complainant. The City

acknowledged it could produce the records within an hour if it were going to do so.

The defendants served the City with a subpoena to obtain the OMI records and personnel files of the two officers pursuant to this Court's order. The City refused to produce the records and has appealed from this Court's denial of its Motion to Quash subpoena. This Court dismissed the charges against the defendants as a violation of Criminal Procedure Discover [sic] Rule 305.

Trial Court Opinion 1/5/98, at 1–3.

¶ 3 The City of Pittsburgh challenges the trial court's orders by raising the following issues for our review:

1. Did the trial court err in granting the criminal defendants' Motion for Discovery requiring the production of confidential City of Pittsburgh Office of Municipal Investigation ("O.M.I.") files and confidential personnel files?

2. Did the trial court's granting of the criminal defendants' Motion for Discovery, without notice and an opportunity for the City of Pittsburgh to be heard, violate the City's right to due process?

3. Did the trial court err in denying the City of Pittsburgh's Motion to Reconsider the Order requiring the City to produce confidential O.M.I. and personnel records?

4. Did the trial court err in denying the City of Pittsburgh's Motion to Quash Subpoena(s) issued by the criminal defendants and the Commonwealth for confidential O.M.I. files, confidential personnel files, and confidential City of Pittsburgh Police Bureau records?

City of Pittsburgh's brief at 3.

The Commonwealth's issues on appeal are as follows:

1 Did the trial court err in dismissing the prosecution and charges under Pa.

R.Crim.P. 305, as a discovery violation?

2. Did the court err in imposing sanctions on the Commonwealth and prosecution for the failure to produce documents and materials not held or possessed by the district attorney, but that were controlled by the police?

Commonwealth's brief at 4.

¶ 4 Initially we note that before reaching any of the City's issues, we must first address the appealability of the trial court's orders. The City frames its appeal as being from both the trial court's order filed June 19, 1997, which granted Appellees' discovery motion and from the court's June 24, 1997, order, which was orally entered on the record and denied the City's Motion for Reconsideration and its Motion to Quash Appellees' subpoena.

■ ¶ 5 First we note that while generally an appeal does not lie from the denial of a motion for reconsideration of a discovery order, we need not concern ourselves with the appealability of such an order since the trial court upon receipt of the City's Motion for Reconsideration held a hearing and effectively vacated its order by directing Appellees to serve a subpoena *duces tecum* upon the City thereby rendering the court's order denying the City's Motion for Reconsideration moot.

■ ¶ 6 Next, we turn our attention to the appealability of the trial court's order denying the City's Motion to Quash Subpoena. Our court has recognized that such an order is not an appealable final order, however, the City claims that this appeal may be characterized as an appeal as of right from a collateral order pursuant to Pa.R.A.P. 313 and *Commonwealth v. Miller*, 406 Pa.Super. 206, 593 A.2d 1308 (1991). We disagree.

¶ 7 In *Miller*, the appellee sought production of all records pertaining to an alleged victim of sexual assault which were in the possession of the appellant, rape crisis center. The trial court directed the appellant to produce the records for an *in camera* hearing and the appellant filed an appeal with this court. Recognizing that the order appealed from did not end the litigation or dispose of the entire case, this court analyzed the order under the collateral order doctrine, as defined by then existing case law, to determine whether it could be considered final for purposes of appeal. The doctrine has since been codified and reads as follows:

**Rule 313. Collateral Orders**

**General Rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

**Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.

¶ 8 In *Miller*, we held that because the order requiring production of the appellant's files was separate and collateral to the underlying criminal action, and the victim's right to privacy and confidentiality was too important to be denied review, the appellant satisfied the doctrine's first two prongs. With regard to the test's third prong, we held that if review of the court's order was postponed until after final judgment was entered, the statutorily created privilege of confidentiality prohibiting disclosure in any criminal or civil proceeding, set forth in 42 Pa.C.S. § 5945.1, would be lost forever. Accordingly, we held that the order was final and appealable under the collateral order doctrine.

¶ 9 Like *Miller*, the instant case presents us with a situation where files of an allegedly confidential nature are being sought from a third party. Applying Pa.R.A.P. 313 to the present case, it appears as though the order directing that those files be produced is collateral to the underlying criminal action lodged against Appel-

lees. However, unlike *Miller*, the claimed right of confidentiality raised by the City is not a statutorily created right. In fact, other than claiming that the files in question are not "public records" as that term is defined in 65 P.S. § 66.1(2) (1997 Supp.), the City has failed to direct us to any authority that would support its position that the files are confidential. No act of the legislature has made these files subject to a statutorily created privilege.

¶ 10 Citing to *Miller*, this court in *Commonwealth v. Simmons*, 719 A.2d 336 (Pa.Super.1998) held an order, requiring a third party treatment facility for "special needs" individuals to produce documents pertaining to an alleged child victim of sexual abuse, was immediately appealable as a collateral order where the treatment facility alleged the documents were protected from disclosure in civil or criminal proceedings under the psychotherapist-patient privilege found in 42 Pa.C.S.A. § 5944. While both *Miller* and *Simmons*, like the instant case, concerned a request for documents from third parties, *Miller* and *Simmons* involved statutorily created privileges which satisfied the second and third prongs of Pa.R.A.P. 313. A similar "right" to a confidential privilege is not found here.

¶ 11 We also note that this case is factually distinguishable from *Hutchison v. Luddy*, 414 Pa.Super. 138, 606 A.2d 905 (1992), wherein this court held that an order compelling production of documents from the Altoona–Johnstown Diocese of the Roman Catholic Church and certain of its employees, in a civil action instituted by plaintiff to recover money damages for alleged sexual abuse committed by a priest, was immediately appealable under the collateral order doctrine. We held that the "right of confidentiality claimed by the Church is too important to be denied review; and to postpone review until final judgment in the main action would cause the claimed right to be irreparably

lost." *Id.* at 907. The request for documents in *Hutchison* was made to a party who claimed the sought after files were protected by 42 Pa.C.S. § 5943 which creates a privilege from disclosure in legal proceedings for communications made in confidence to a clergyman, priest, rabbi or minister. Like *Miller* and *Simmons*, *Hutchison* is distinguishable from the present case because here the City has not demonstrated that its files are protected by a statutorily created right of privacy.

¶ 12 Accordingly, we hold the order in question does not meet the second and third prongs of the collateral order doctrine rule and, therefore is not reviewable by this court. In light of our holding, we decline to review the issues presented by the City [1].

¶ 13 Next, we turn to the issues raised by the Commonwealth. It argues the trial court erred in imposing the sanction of dismissing the charges filed against Appellees where the documents requested by Appellees were not held or possessed by the District Attorney. In its Opinion, the trial court addressed the Commonwealth's claims as follows:

> The Commonwealth appealed from the dismissal of the charges as a violation of Discovery Rule 305. *Commonwealth v. McElroy*, 445 Pa.Super. 336, 665 A.2d 813 (1995) [*appeal denied*, 544 Pa. 610, 674 A.2d 1073 (1996) ], would appear to address this issue. In that case, the Superior Court found that a subpoena duces tecum was the proper avenue for securing evidence which was not in the possession or control of the Commonwealth. Since the defendants, here, have used a subpoena and the City has appealed from this Court's denial of its Motion to Quash the subpoena, the question of whether the records may be used in this criminal action will be addressed

---

1. We note that one aggrieved by an order, refusing to quash a subpoena can either await the imposition of contempt sanctions or apply for interlocutory appellate review.

by the Superior Court and any sanctions against the Commonwealth will be moot.

Opinion at 5.

¶ 14 In *McElroy*, the appellee was charged with various crimes stemming from a high-speed police chase. In the course of the chase, the pursuing officer's car collided with another vehicle killing its driver. As part of an internal police investigation into the officer's actions during the chase, another officer, who was conducting the investigation, tape recorded certain witnesses' statements. Prior to trial, the trial court granted the appellee's request for discovery of the tape-recorded interviews from the Pennsylvania State Police ("PSP"). The PSP responded that they could not comply with the request because the tapes had been destroyed after preparation of its Board of Peer Review's report and, therefore, it requested that the trial court reconsider its order compelling production of the tape recordings. The court denied the motion and imposed sanctions against the Commonwealth by precluding it from introducing trial testimony from any of the witnesses who had participated in the tape recorded interviews. The Commonwealth appealed on the basis that the sanctions imposed against it were improper because it had neither control nor possession of the tape recordings.[2] It argued that the proper means by which to obtain the recordings in question was for the appellee to serve a subpoena *duces tecum* upon the Commissioner of the PSP as custodian of the records. Our court held that because the record showed the District Attorney never had the opportunity to see or hear the tapes and, therefore, could not have been said to have withheld tapes following the appellee's request for the same, the trial court's order imposing sanctions should be vacated.

2. Our court treated the order imposing sanctions like a suppression order and, therefore, held that because the Commonwealth made a good faith certification that the order termi-

 ¶ 15 We hold that *McElroy* is applicable to the present case. The Commonwealth was not in possession of the requested records. At the trial court's direction, Appellees sought production of the records through the proper avenue of a subpoena *duces tecum* filed against the custodian of the records, the City of Pittsburgh. Accordingly, because the Commonwealth was not in possession of the records, we hold the trial court erred in dismissing the charges against Appellees as a sanction against the Commonwealth for failing to comply with Pa.R.Crim.P. 305. Therefore, we reverse the trial court's order dismissing the charges filed against Appellees.

¶ 16 City of Pittsburgh's appeal is quashed.

¶ 17 Order dismissing charges filed against Appellees reversed.

¶ 18 Case remanded for further proceedings. Jurisdiction relinquished.

nated or substantially handicapped the prosecution of the Commonwealth's case, it was appealable.