**COMMONWEALTH of Pennsylvania and Pennsylvania State Police,** Appellants

v.

**Shawn Eugene BRISTER.**

Superior Court of Pennsylvania.

Submitted Aug. 23, 2010.

Filed Feb. 22, 2011.

---

Henry W. Mitchell, Assistant District Attorney, Williamsport for Commonwealth, appellant.

Keli M. Neary, Harrisburg, for PA State Police, appellant.

Edward J. Rymsza, Williamsport, for appellee.

BEFORE: FORD ELLIOTT, P.J., MUNDY and COLVILLE,* JJ.

---

* Retired Senior Judge assigned to the Superior Court.

## OPINION BY FORD ELLIOTT, P.J.:

The Commonwealth of Pennsylvania and the Pennsylvania State Police ("PSP") (collectively, "appellants") appeal from the order of December 18, 2009, granting defendant/appellee's motion to compel discovery and denying the PSP's motion for a protective order. We quash.

On April 29, 2008, following a search of appellee's vehicle, appellee was charged with criminal conspiracy, possession with intent to deliver a controlled substance (marijuana), and related charges.[1] One of the arresting officers, who also conducted the search, was Trooper Tyson Havens. On August 3, 2009, appellee filed a motion for formal discovery, seeking the personnel files of Trooper Havens. It was alleged therein that Trooper Havens had recently been disciplined for conducting an illegal search under circumstances similar to those in the instant case.

On August 21, 2009, the PSP filed a motion for a protective order, stating that appellee's discovery request was overly broad and burdensome, and conceivably could encompass thousands of records. To the extent appellee's request could be narrowly construed to seek only Trooper Havens' discipline file, the PSP objected to production of the records as irrelevant and immaterial to appellee's pending criminal prosecutions. The PSP further argued that appellee failed to lay a foundation to support the materiality or reasonableness of scope of his discovery request.

On December 18, 2009, after hearing and argument on the matter, the trial court granted appellee's motion to compel and denied the PSP's motion for a protective order. The trial court ordered the PSP to provide appellee with copies of any

---

1. The alleged facts of this case, which are not germane to the instant appeal, can be found in the trial court's opinion at pages 2–5. (Trial court opinion, 4/6/10 at 2–5.)

disciplinary action reports or notices of disciplinary penalty pertaining to Trooper Havens:

> As Defense Counsel has set forth a reasonable basis to believe disciplinary records against Trooper Tyson Havens exist and may be relevant to the facts and circumstances of this case, it is ORDERED and DIRECTED that the [PSP] provide to Defense Counsel within thirty (30) days of the date of this order, copies of any Disciplinary Action Report and Notice of Disciplinary Penalty for Trooper Tyson Havens. Defense Counsel shall provide a copy of this information to the District Attorney's Office.

Order, 12/18/09 at 1; Docket No. 43.

On January 14, 2010, the Commonwealth and the PSP filed a joint appeal from the trial court's December 18, 2009 order. (Docket No. 45.) Appellants complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the trial court has filed an opinion.

Appellants have raised the following issues on appeal:

1. Did the lower court err in ordering the [PSP] to turn over the disciplinary files of Trooper Havens without an *in camera* review of the same?
2. Did appellee follow the proper procedure to obtain the records?
3. Are the records protected by constitutional and other safeguards?

Appellants' brief at 4.[2]

■ In his responsive brief, appellee contends that the order appealed from is interlocutory and unappealable. "[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Estate of Considine v.* *Wachovia Bank,* 966 A.2d 1148, 1151 (Pa.Super.2009), quoting *Mother's Rest., Inc. v. Krystkiewicz,* 861 A.2d 327, 331 (Pa.Super.2004)(*en banc* ). "In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order." *Id.,* quoting *Mother's Rest., supra.*

■ There is no question that the trial court's December 18, 2009 pre-trial discovery order is not a final order, as it did not dispose of all claims and all parties. Pa. R.A.P. 341(b)(1). The trial court only ordered the PSP to turn over certain records to appellee and did not end the litigation. However, Pa.R.A.P. 311(d) does provide for Commonwealth appeals in criminal cases from interlocutory orders, where the Commonwealth certifies in good faith that the order will terminate or substantially handicap the prosecution:

■ Pa.R.A.P. 311(d) provides as follows:

**(d) Commonwealth Appeals in Criminal Cases.**

> In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Under this section, the Commonwealth may appeal if it certifies the interlocutory order will terminate or substantially handicap the prosecution ... 'Such certification is required as a means of preventing frivolous appeals

---

2. The PSP elected not to file its own brief, but joined the Commonwealth's brief in this matter. (*See* correspondence dated May 18, 2010 from Keli M. Neary, Esq., assistant counsel for the PSP, to deputy prothonotary Milan K. Mrkobrad.)

and appeals intended solely for delay.' *Commonwealth v. Dugger,* 506 Pa. 537, 547, 486 A.2d 382, 386 (1985). Failure to include the certification renders the questioned order unappealable. *Commonwealth v. Malinowski,* 543 Pa. 350, 358, 671 A.2d 674, 678 (1996).

*Commonwealth v. Allburn,* 721 A.2d 363, 365 (Pa.Super.1998), *appeal denied,* 559 Pa. 662, 739 A.2d 163 (1999). "We recently stated in *Commonwealth v. King,* 456 Pa.Super. 72, 689 A.2d 918 (1997), 'The Commonwealth's good faith certification, alone, provides an absolute right to appeal; it is not required to demonstrate the need for the evidence.'" *Allburn,* 721 A.2d at 365, quoting *King,* 689 A.2d at 921, citing *Dugger, supra.*

■ As appellee has pointed out, the Commonwealth failed to include such certification in its notice of appeal. This renders the order unappealable under Rule 311(d). *Malinowski.*[3]

■ Furthermore, although appellants assert in the statement of jurisdiction that they are bringing the appeal pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S.A. § 702(b), governing interlocutory appeals by permission, the trial court never certified the order nor did appellants ever file a petition seeking permission to appeal.

> An interlocutory appeal of this nature may only be taken by the filing of a Petition for permission to appeal pursuant to Chapter Thirteen of the Rules of Appellate Procedure. Otherwise, the appeal will be quashed because the filing of the Petition is jurisdictional in nature. *Casani v. Lincoln Bank,* 292 Pa.Super.

90, 436 A.2d 1019 (1981); Pa.R.App.P. 312, 1311(b). Prior to the filing of such Petition, however, the trial court must certify the Order from which an appeal is sought to be taken pursuant to 42 Pa.C.S.A. § 702(b), which states:

> (b) **Interlocutory appeals by permission.**—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

We have held that such certification is a jurisdictional prerequisite to the filing of a Petition for permission to appeal pursuant to Chapter Thirteen of the Appellate Rules of Procedure. If the trial court's Order from which the appeal is sought to be taken contains the requisite certification and if a Petition for permission to appeal is filed pursuant to Chapter Thirteen, only then may we exercise our discretion to permit the appeal. *In re Handwriting Exemplar of Casale,* 338 Pa.Super. 111, 487 A.2d 877 (1985), *appeal granted,* 508 Pa. 605, 499 A.2d 577 (1985), *rev'd on other grounds,* 512 Pa. 548, 517 A.2d 1260 (1986). *See also* G.R. Darlington, K.J. McKeon, D.R.

---

**3.** At any rate, Rule 311(d) only applies to the exclusion of Commonwealth evidence, not the introduction of defense evidence. *Commonwealth v. Minich,* 4 A.3d 1063, 1066–1067 (Pa.Super.2010), citing *Commonwealth v. Shearer,* 584 Pa. 134, 141, 882 A.2d 462, 467

(2005); *Commonwealth v. Cosnek,* 575 Pa. 411, 420–421, 836 A.2d 871, 877 (2003). Of course, here, the trial court did not even rule yet on the admissibility of Trooper Havens' discipline files; the trial court merely held that they were discoverable.

Schuckers & K.W. Brown, 1 *Pennsylvania Appellate Practice* 293–94 (1986) [hereinafter, Darlington]. If a Petition for permission to appeal is filed without the requisite Section 702(b) statement or if no Petition for permission to appeal is filed with the appellate court, the appeal will be quashed, as we are without jurisdiction to exercise our discretion in this regard. *Casani, supra; Handwriting Exemplar, supra; Augelletta v. Fox,* 278 Pa.Super. 1, 419 A.2d 1325 (1980).

*Hoover v. Welsh,* 419 Pa.Super. 102, 615 A.2d 45, 46 (1992), *appeal denied,* 535 Pa. 659, 634 A.2d 222 (1993).

The order of the trial court from which this appeal is purportedly taken does not contain the requisite certification under 42 Pa.C.S.A. § 702(b), and appellants have not filed a petition for permission to appeal to this court pursuant to Chapter Thirteen of the Appellate Rules. Absent both jurisdictional prerequisites, we may not grant appellants permission to appeal. *See also Estate of Considine,* 966 A.2d at 1153 ("Where an appellant seeking to appeal from an interlocutory order that is not appealable as of right fails to adhere to the procedure outlined in the rules, an appeal by permission is inappropriate."), citing *Patton v. Hanover Ins. Co.,* 417 Pa.Super. 351, 612 A.2d 517, 518 (1992).

■ In the statement of jurisdiction, appellants further state, "Appellant [sic] requests that the Superior Court treat its Notice of Appeal as a Petition for Review as if brought under Rules 1511 and 1512 of the PA. [sic] Rules of Appellate Procedure." (Appellants' brief at 1.) However, a Chapter 15 petition for review is appropriate only where the trial court has denied certification of an otherwise interlocutory order. As we explained in *Commonwealth v. McMurren,* 945 A.2d 194 (Pa.Super.2008):

If the amendment request to include the section 702(b) language is denied or deemed denied because it was not ruled upon within thirty days, the litigant is not left without an option. In that instance, the second step to obtain appellate review is contained in the comment to Pa.R.A.P. 1311(d), which provides that recourse must be sought pursuant to chapter fifteen of the Rules of Appellate Procedure. That comment states that if the trial court "refuses to amend its order to include the prescribed statement [of section 702(b) ], a petition for review under Chapter 15 of the unappealable order of denial is the proper mode of determining whether the case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal." Thus, after being denied certification, the litigant's second step would be to petition this Court under chapter fifteen and establish the reason the case is so egregious as to require immediate correction of the trial court's ruling.

*Id.* at 196. Instantly, as stated above, appellants never sought certification of the trial court's December 18, 2009 order to include the requisite Section 702(b) language; therefore, the procedure for filing a petition for review as described in Pa. R.A.P. 1513 is inapplicable. Furthermore, appellants never filed a petition for review with the prothonotary of this court as required by Pa.R.A.P. 1511, and we decline appellants' invitation to treat their notice of appeal as such a petition. ·

The only remaining possible basis for jurisdiction is a determination by this Court that the trial court's order granting [discovery] to Appellee was a collateral order. "An appeal may be taken as of right from a collateral order of … a lower court." Pa.R.A.P. 313(a). A collateral order is defined as "an order separable from and collateral to the

main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

*Estate of Considine,* 966 A.2d at 1153.

Although appellants do not explicitly argue that the trial court's order compelling discovery of Trooper Havens' personnel files is a collateral order, they do claim that it implicates certain constitutional concerns including the right to privacy. (Appellants' brief at 12.) They also appropriately contend that there is a strong public interest in protecting the privacy and safety of the law enforcement community. (*Id.*) Appellants argue that permitting such files to be turned over to defendants exposes police officers to potential danger. (*Id.*)

We addressed a similar issue in *Commonwealth v. Williams,* 729 A.2d 603 (Pa.Super.1999), *appeal denied,* 560 Pa. 745, 747 A.2d 368 (1999). In *Williams,* the City of Pittsburgh appealed from an order denying its motion to quash a subpoena for personnel files and investigation reports of two police officers involved in the arrest of the defendants. As in this case, the City of Pittsburgh argued that the files were confidential and non-discoverable. This court held that the trial court's order was not appealable as a collateral order, distinguishing *Commonwealth v. Miller,* 406 Pa.Super. 206, 593 A.2d 1308 (1991) (alleged sexual assault victim's records in possession of rape crisis center), and *Commonwealth v. Simmons,* 719 A.2d 336 (Pa.Super.1998) (treatment facility documents protected from disclosure by the psychotherapist-patient privilege):

Like *Miller,* the instant case presents us with a situation where files of an allegedly confidential nature are being sought from a third party. Applying Pa.R.A.P. 313 to the present case, it appears as though the order directing that those files be produced is collateral to the underlying criminal action lodged against Appellees. However, unlike *Miller,* the claimed right of confidentiality raised by the City is not a statutorily created right. In fact, other than claiming that the files in question are not "public records" as that term is defined in 65 P.S. § 66.1(2) (1997 Supp.), the City has failed to direct us to any authority that would support its position that the files are confidential. No act of the legislature has made these files subject to a statutorily created privilege.

*Williams,* 729 A.2d at 606–607.

While both *Miller* and *Simmons,* like the instant case, concerned a request for documents from third parties, *Miller* and *Simmons* involved statutorily created privileges which satisfied the second and third prongs of Pa.R.A.P. 313. A similar "right" to a confidential privilege is not found here.

*Id.* at 607.

■ As in *Williams,* the PSP has not demonstrated that its personnel files are protected by any statutorily created right of privacy. Both *Miller* and *Simmons,* by contrast, involved statutorily created privileges of confidentiality prohibiting disclosure in any criminal or civil proceedings (42 Pa.C.S. § 5945.1 and 42 Pa.C.S.A. § 5944, respectively). *Compare also Hutchison v. Luddy,* 414 Pa.Super. 138, 606 A.2d 905 (1992) (communications made in confidence to clergyman, priest, rabbi or minister protected by 42 Pa.C.S.A. § 5943). Accordingly, the order in question is not a collateral order and is not reviewable by this court.

For these reasons, the trial court's December 18, 2009 pre-trial order compelling disclosure of Trooper Havens' disciplinary

files is interlocutory and unappealable. Therefore, we do not have jurisdiction to hear this appeal.

Appeal quashed.