J-S80038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHAUN DENNIS, | : | |
| | : | |
| Appellant | : | No. 3286 EDA 2016 |

Appeal from the Order July 22, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0003566-2016

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 15, 2018**

Shaun Dennis ("Dennis") appeals from the Order denying his Motion to Suppress Evidence.  We quash the appeal.

In March 2016, Dennis was arrested and charged with receiving stolen property, persons not to possess firearms, possession of a firearm with an altered manufacturer's number, firearms not to be carried without license, carrying firearms on public streets in Philadelphia, and possession of marijuana.[1]  On July 20, 2016, Dennis filed the Motion to Suppress Evidence.

---

[1] **See** 18 Pa.C.S.A. §§ 3925(a); 6105(a)(1); 6110.2(a); 6106(a)(1); 6108; 35 P.S. § 780-113(a)(31).

Following a hearing, the trial court denied the Motion. Dennis filed a Motion for Reconsideration.[2]

At some point, Dennis filed a request to file an interlocutory appeal.[3] On October 14, 2016, the trial court granted the request.[4] On October 19, 2016, Dennis filed a Notice of Appeal. Thereafter, pursuant to a court Order, Dennis filed a Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Dennis raises the following question for our review: "Did the lower court abuse its discretion by denying [] Dennis'[s] Motion to Suppress?" Brief for Appellant at 6 (some capitalization omitted).

Prior to addressing Dennis's claim, we must determine whether this Court has jurisdiction to examine the appeal. *See Commonwealth v. Ivy*, 146 A.3d 241, 255 (Pa. Super. 2016) (stating that "authority of an appellate court to conduct review of a pretrial order is a jurisdictional matter."); *see also id.* (stating that "[t]he general rule in criminal cases is that a defendant

_____

[2] The docket and record do not indicate any action on the Motion for Reconsideration. However, both parties state that the trial court denied the Motion. *See* Brief for Appellant at 7; Brief for the Commonwealth at 4.

[3] Dennis's request is not included in the record or the docket. Thus, it is unclear when he filed the request.

[4] An order granting Dennis's request is not included in the record. However, the October 14, 2016 docket entry states the following, in relevant part: "Defense request for Interlocutory Appeal resulting from DENIED Written Defense Motion to Suppress Heard by the Court on July 22, 2016[,] is GRANTED; Case continued for Status of Appeal." Docket Entry, 10/14/16.

may appeal only from a final judgment of sentence, and an appeal from any prior order or judgment will be quashed."); **Commonwealth v. Brister**, 16 A.3d 530, 533 (Pa. Super. 2011) (stating that "[t]he appealability of an order directly implicates the jurisdiction of the court asked to review the order.") (citation omitted). It is well-settled that this Court "may consider the issue of jurisdiction *sua sponte*." **Ivy**, 146 A.3d at 255.

"In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order." **Brister**, 16 A.3d at 533 (citation omitted).

Initially, the trial court's denial of Dennis's Motion to Suppress is not a final order, as it did not dispose of all claims and parties. **See** Pa.R.A.P. 341(b)(1); **Commonwealth v. Slaton**, 556 A.2d 1343, 1350 (Pa. Super. 1989) (*en banc*) (stating that "the element of finality, which is the basis of appealability, is lacking in an order denying suppression and the defendant should have no right of appeal from such order.") (citation and emphasis omitted).

Further, the Order in question does not meet the requirements of an interlocutory order as of right. **See** Pa.R.A.P. 311 (stating the requirements of when an interlocutory appeal may be taken as of right); **see also Ivy**, 146 A.3d at 255 (noting that under Pa.R.A.P. 311(d), in a criminal case, only

the Commonwealth has the right to take an interlocutory appeal as of right under the circumstances defined).

With regard to an interlocutory order by permission, our Court noted the following:

> An interlocutory appeal of this nature may only be taken by the filing of a Petition for permission to appeal pursuant to Chapter Thirteen of the Rules of Appellate Procedure. Otherwise, the appeal will be quashed because the filing of the Petition is jurisdictional in nature. Prior to the filing of such Petition, however, the trial court must certify the Order from which an appeal is sought to be taken pursuant to 42 Pa.C.S.A. § 702(b), which states:

>> (b) **Interlocutory appeals by permission.**—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

> [42 Pa.C.S.A. § 702(b).] We have held that such certification is a jurisdictional prerequisite to the filing of a Petition for permission to appeal pursuant to Chapter Thirteen of the Appellate Rules of Procedure. If the trial court's Order from which the appeal is sought to be taken contains the requisite certification and if a Petition for permission to appeal is filed pursuant to Chapter Thirteen, only then may we exercise our discretion to permit the appeal. If a Petition for permission to appeal is filed without the requisite Section 702(b) statement or if no Petition for permission to appeal is filed with the appellate court, the appeal will be quashed, as we are without jurisdiction to exercise our discretion in this regard.

**Brister**, 16 A.3d at 534-35 (citations omitted).

- 4 -

Following a review of the certified record and docket, the trial court did not certify the Order pursuant to section 702(b), nor did Dennis file a petition for permission to appeal pursuant to Appellate Rule 1311.[5]  Thus, the Order is not appealable on these grounds.  **See Ivy**, 146 A.3d at 255-56 (stating that because the trial court did not certify the order, and no petition seeking permission to appeal was filed, this Court could not grant the permission to appeal); **Brister**, 16 A.3d at 535 (same).

Finally, we conclude that the Order in question is not a collateral order. A collateral order is defined as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."  Pa.R.A.P. 313(b).  Here, if Dennis is convicted, he would be free to raise the denial of the Motion to Suppress in his direct appeal.  **See Ivy**, 146 A.3d at 256 (noting that trial court's decision to admit evidence was not a collateral order

---

[5] We note that "if the trial court refuses to amend its order to include the prescribed statement of section 702(b), a petition for review under Chapter 15 [of the Rules of Appellate Procedure] of the unappealable order of denial is the proper mode of determining whether the case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal." **Brister**, 16 A.3d at 535 (quotation marks and brackets omitted).  However, because there was no certification of the Order pursuant to section 702(b), the procedure set forth in Chapter 15 of the Rules of Appellate Procedure is inapplicable.  **See id.**

because even if defendant was convicted, he could raise such a claim on direct appeal).

Because there is no jurisdiction to consider Dennis's appeal, we quash the appeal. ***See Ivy, supra***; ***Brister, supra***.

Appeal quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/18