J-S12007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM M. HALL | : | |
| | : | |
| Appellant | : | No. 2433 EDA 2019 |

Appeal from the PCRA Order Entered July 10, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002018-2012


BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 08, 2020**

Appellant, William M. Hall, purports to appeal *pro se* from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We quash the appeal and remand for further proceedings.

On August 27, 2013, at the above-captioned trial court docket number, Appellant pled guilty to two counts each of statutory sexual assault and corruption of minors.[1]  The trial court sentenced Appellant to serve a term of incarceration of eleven and one-half to twenty-three months and a consecutive ten-year term of probation.   In addition, Appellant was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3122.2 and 6301(a)(1)(ii).

determined to be a sexually violent predator. Appellant did not file a direct appeal. Subsequently, on January 8, 2014, Appellant filed a PCRA petition, and PCRA counsel was appointed. The PCRA court dismissed the petition on July 7, 2014. Appellant did not appeal the PCRA court's determination.

On November 23, 2015, at docket number CP-15-CR-0004596-2015, Appellant was charged with failure to comply with the SORNA registration requirements[2] related to his prior conviction at the above-captioned docket number, *i.e.*, CP-15-CR-0002018-2012. Appellant pled guilty to the violation on May 9, 2016. Appellant did not file post-sentence motions or a direct appeal.

On April 30, 2018, Appellant filed a *pro se* PCRA petition at docket number CP-15-CR-0004596-2015. Appellant did not file a concurrent PCRA petition at the above-captioned docket number. However, on May 17, 2018, Appellant filed a *pro se* "memorandum of law in support of [the PCRA petition]" bearing both trial court docket numbers.

On November 14, 2018, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, which contained both trial court docket numbers. Thereafter, on July 10, 2019, the PCRA court entered an order dismissing the PCRA petition that also included both trial court docket

---

[2] 18 Pa.C.S. § 4915.1(a)(2).

numbers. Appellant then filed this *pro se* appeal.[3] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement in this matter. On August 30, 2019, the PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issues:

I. Did the P.C.R.A. [c]ourt err in denying the instant P.C.R.A. [p]etition declined to correct [Appellant's] conviction/sentence, when such was deemed to be illegal and therefore unconstitutional under the Supreme Court of Pennsylvania's ruling in **Commonwealth v. Muniz, 164 A.3d 1189 (July 19, 2017)**?

II. Did the P.C.R.A. [c]ourt err in denying the instant P.C.R.A. [p]etition when [Appellant] raised a legality of sentence claim which through the Court's inherent power always retains the jurisdiction to correct?

Appellant's Brief at 4.

Although not raised by the parties, prior to addressing the merits of the appeal, we *sua sponte* address the threshold question of the appealability of the order before us. "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." **Commonwealth v. Sabula**, 46 A.3d 1287, 1290 (Pa. 2012) (quoting **Commonwealth v. Brister**, 16 A.3d 530, 533 (Pa. Super. 2011)). As our Supreme Court has stated, generally "appellate courts have jurisdiction only over appeals taken

---

[3] We note that appointed PCRA counsel filed a timely appeal at trial court docket number CP-15-CR-0004596-2015, which received the Superior Court docket number of 2431 EDA 2019. That appeal is addressed in a separate decision.

from a final order." ***Commonwealth v. Scarborough***, 64 A.3d 602, 608 (Pa. 2013).

In addition, "[A]ny petition [raising a claim cognizable under the PCRA] filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011). The PCRA is "the exclusive vehicle for obtaining post-conviction collateral relief ... regardless of the manner in which the petition is titled." ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa. Super. 2001).

Our review of the record reflects that Appellant did not file a PCRA petition in the above-captioned matter at the same time that he filed his PCRA petition at CP-15-CR-0004596-2015. However, on May 17, 2018, Appellant filed a *pro se* memorandum of law in support of the PCRA petition bearing both docket numbers, which was docketed at the above-captioned docket number. On November 14, 2018, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, wherein the PCRA court stated that it was accepting Appellant's filing at CP-15-CR-0002018-2012 as a second PCRA petition. Notice of Intent, 11/14/18, at 1 n.1. We agree with the PCRA court that this filing was, indeed, a second PCRA petition. ***Jackson***, 30 A.3d at 521.

On July 10, 2019, in an order containing both trial court docket numbers, the PCRA court dismissed the petition. However, in its Pa.R.A.P. 1925(a) opinion, the PCRA court set forth the following discussion explaining

that it erroneously included the above-captioned trial court docket number in its order disposing of Appellant's PCRA petition:

> The confusion on Appellant's part in filing this *pro se* appeal to a PCRA Petition that does not exist is due to an error made by this court. We erroneously added the docket number for the 2012 matter[, CP-15-CR-0002018-2012,] to the caption of our Order dismissing Appellant's PCRA Petition in the matter of *Commonwealth v. Hall*, <u>CR-0004596-2015</u> ("the 2015 matter"). As a result, Appellant's present attempt to "appeal" the denial of a PCRA petition in the 2012 matter is a nullity. There is nothing for the Superior Court to review. Therefore, we respectfully request that the above captioned appeal be dismissed.

PCRA Court Opinion, 8/30/19, at 1.

Thus, pursuant to the PCRA court's explanation, the order of July 10, 2019, does not pertain to the docketed case in this matter because the above-captioned docket number was "erroneously added" to the order. In light of this clerical error, we are constrained to conclude that the PCRA court failed to enter a final order addressing Appellant's second PCRA petition in this case. Therefore, that matter is still pending before the PCRA court.

Hence, we quash the instant appeal as having been taken from a non-existent order. Furthermore, we remand this matter to the PCRA court for a determination regarding Appellant's second PCRA petition filed at the above-captioned docket number.

Appeal quashed. Case remanded for further proceedings. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:  7/8/2020*