J-S01006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK JERRID DORTCH | : | |
| | : | |
| Appellant | : | No. 594 MDA 2021 |

Appeal from the Order Entered April 26, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003902-2020

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED:  FEBRUARY 1, 2022**

Frank Jerrid Dortch appeals *pro se* from the April 26, 2021 order denying his petition for a writ of *habeas corpus*.  Appellant also appeals from the May 5, 2021 order denying his petition for a bill of particulars.[1]  Since the appeal is interlocutory, we quash.

We provide the following background.  Appellant was charged by criminal information with one count of possession of cocaine, one count of possession of a small amount of marijuana, and two summary vehicle offenses

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] "Generally, taking one appeal from separate judgments is not acceptable practice and is discouraged." **Dong Yuan Chen v. Saidi**, 100 A.3d 587, 589 n.1 (Pa.Super. 2014) (cleaned up) (quoting **Gen. Elec. Credit Corp. v. Aetna Cas. & Sur. Co.,** 263 A.2d 448, 452 (Pa. 1970)); **see also** Pa.R.A.P. 341, Note; Pa.R.A.P. 512, Note.  While this Court issued a rule to show cause regarding this error, we do not reach this issue in light of our disposition.

following a traffic stop that was conducted on April 22, 2020. Appellant failed to attend his preliminary hearing, and all charges were held for court.

Thereafter, Appellant *pro se* filed his first request for a bill of particulars. The Commonwealth responded, noting that Appellant's motion amounted to a request for discovery, which it had already prepared for Appellant. The trial court held a hearing and ultimately denied Appellant's request. Appellant subsequently filed a petition for "writ of limine," which the trial court treated as a petition for a writ of *habeas corpus*.[2] The trial court held a hearing, during which the Commonwealth called Officer Shawn Wilson to testify to the underlying evidence supporting the Commonwealth's case against Appellant and Appellant cross-examined him. At the conclusion of the hearing, the trial court found the Commonwealth had established *prima facie* evidence as to all four charges and denied Appellant's petition. In response, Appellant orally moved to dismiss pursuant to Rule 600(G), which the trial court denied. Appellant then filed the underlying bill of particulars, which the court also denied.

---

[2] Appellant did not file this petition of record, but the court, in ordering a hearing on the *pro se* submission, ordered that it be filed of record. In the petition, Appellant attempted to explain why he was not present at his preliminary hearing and requested that the court "bring [the case] back to [the] preliminary hearing" phase. Order, 2/3/21 (attached petition at unnumbered 1).

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[3]

This Court issued a rule to show cause "why one appeal was taken from two separate orders and why the instant appeal should not be quashed as taken from unappealable orders." *Per Curiam* Order, 6/29/21. Appellant responded that the appeal should not be quashed because he is only one person appealing from one trial court docket and, relying on **Commonwealth v. McClelland**, 233 A.3d 717 (Pa. 2020), he "is appealing a preliminary hearing by right." Answer to Directive of Directory Pa. Rule of Crim. P. 575, 7/18/21, at unnumbered 1. This Court discharged the rule to show cause and referred the matter to the panel for consideration.

Appellant raises the following issues on appeal:

I. Is an interlocutory order bounding over offenses from a preliminary hearing appealable before trial on the grounds of whether there was *prima facie* established in which probable cause is needed?

II. Is an interlocutory order denying petition for a bill of particulars appealable before trial under Rule 311, if a bill of particulars does not make a difference of whether the trial will continue or not?

III. Is it lawfull [*sic*] to deny a defense's timely petition for a bill of particulars when its petitioned for only in attempt to avoid

---

[3] Upon remand from this Court, the trial court conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). At the conclusion of the hearing, the court found Appellant was knowingly, intelligently, and voluntarily waiving his right to counsel, and the court allowed Appellant to proceed *pro se* with standby counsel.

surprise by asking for one so the offenses are solidified and their grading that defendant is scheduled to go to trial for?

IV.    Is the bill of particulars a defensive remedy beyond the scope solidifying offenses and their grading before trial?

V.    Can probable cause or *prima facie* be established for illegal poss. of marijuana without establishing if suspect has or does not have a medical marijuana card?

VI.    May probable cause be established in front of a magistrate judge without an affidavit of probable cause?

VII.    May *prima facie* be established without probable cause?

VIII.    Is it beyond the scope of our state's judiciary to determine what a president of the United States make's [*sic*] an emergency executive order of?

Appellant's brief at 8-9 (cleaned up).

Before reaching the merits of Appellant's substantive claims, we must first determine whether we have jurisdiction over this appeal. *See* ***Commonwealth v. Brister***, 16 A.3d 530, 533 (Pa.Super. 2011) ("The appealability of an order directly implicates the jurisdiction of the court asked to review the order." (cleaned up)). In its Rule 1925(a) opinion, the trial court urges this Court to quash the appeal as interlocutory. The Commonwealth agrees, arguing that Appellant's appeal from the order denying his bill of particulars is premature and that he has not satisfied the requirements for an interlocutory appeal. *See* Commonwealth's brief at 9-12.[4] Appellant, on the other hand, contends that this Court has jurisdiction pursuant to 42 Pa.C.S.

_____

[4] In its brief, the Commonwealth focuses its argument on the order denying Appellant's request for a bill of particulars, thereby failing to address the order denying Appellant's petition for a writ of *habeas corpus*.

§ 742 (appeals from courts of common pleas), Pa.R.A.P. 311 (interlocutory appeals as of right), the doctrine of exceptional circumstances,[5] and Pa.R.A.P. 313 (collateral orders). **See** Appellant's brief at 3, 8; Appellant's reply brief at 4, 10, 14.

"In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order." **Brister**, **supra** at 533 (cleaned up). Here, Appellant appeals from an order denying a petition for a writ of *habeas corpus*[6] and an order denying a bill of particulars. We will consider these orders *seriatim*.

---

[5] Appellant relies on a Supreme Court case pre-dating the promulgation of the current rules of appellate procedure for the argument that an appeal from an interlocutory order is permissible where exceptional circumstances exist. **See** Appellant's reply brief at 4 (citing **Commonwealth v. Kilgallen**, 108 A.2d 780 (Pa. 1954); **see also Commonwealth v. Swanson**, 225 A.2d 231, 232 (Pa. 1967) (citations omitted) (explaining that "exceptional circumstances arise (1) where an appeal is necessary to prevent a great injustice to the defendant, or (2) where an issue of basic human rights is involved, or (3) where an issue of great public importance is involved"). Since the inception of the rules of appellate procedure, "[a]ppellate review of any court order is a jurisdictional question defined by rule or statute." **Commonwealth v. Parker**, 173 A.3d 294, 296 (Pa.Super. 2017) (cleaned up). Nonetheless, this Court continues to consider the doctrine of exceptional circumstances in connection with the rules of appellate procedure. **See Commonwealth v. McClelland**, 165 A.3d 19, 23 (Pa.Super. 2017), **rev'd on other grounds**, 233 A.3d 717 (Pa. 2020).

[6] Although Appellant's petition was not labeled as a petition for a writ of *habeas corpus*, Appellant does not challenge the trial court's treatment of it as such.

This Court has addressed whether an order denying *habeas corpus* relief is interlocutory for appealability purposes:

> As a general rule, an order denying a pre-trial petition for *habeas corpus* is interlocutory. In the absence of exceptional circumstances, statutory authorization, or jurisdictional challenge, an order denying an application for discharge prior to trial, particularly where it is based upon the alleged insufficiency of evidence to establish a *prima facie* case before the magistrate, is unappealable.

**Commonwealth v. Jackson**, 849 A.2d 1254, 1256 (Pa.Super. 2004) (cleaned up).

In **McClelland**, **supra** at 732 n.8, our Supreme Court noted that "[a]n order denying or granting a writ of *habeas corpus* is interlocutory[,]" but declined to consider the appropriateness of this Court's determination that interlocutory appellate review was appropriate in **McClelland** as it was beyond the scope of the issue upon which *allocatur* was granted. Relevantly, this Court concluded that exceptional circumstances warranted review of McClelland's appeal due to an unresolved and important constitutional question, and therefore we had jurisdiction to consider the merits of his claim. **Commonwealth v. McClelland**, 165 A.3d 19, 23 (Pa.Super. 2017), **rev'd on other grounds**, **McClelland**, **supra**. Specifically, McClelland queried "[w]hether hearsay testimony from an affiant violates due process when that hearsay alone establishes a *prima facie* case at a preliminary hearing." **Id**. (citation and footnote omitted).

Instantly, Appellant raises a similar argument, contending that hearsay alone was used to establish a *prima facie* case at the April 26, 2021 hearing. Preliminarily, we observe that following **McClelland**, **supra**, it is no longer an open question whether hearsay alone may establish a *prima facie* case at a preliminary hearing. Accordingly, an argument based upon that question no longer raises an exceptional circumstance, as that question has been answered. Moreover, the holding from **McClelland** was not violated herein as the establishment of a *prima facie* case against Appellant did not hinge solely on hearsay evidence. Specifically, Officer Wilson testified that while on a traffic detail in the city of York, he observed a van with non-operational headlights at approximately 1:30 a.m. N.T., 4/26/21, at 7. Officer Wilson attempted to conduct a traffic stop, but the driver of the vehicle continued to drive for several blocks, passing easily accessible stopping points and ultimately attempting unsuccessfully to parallel park. Based on the suspicious behavior, Officer Wilson ordered the driver from the vehicle. Officer Wilson immediately recognized Appellant, the driver and sole occupant of the vehicle, from prior occasions of driving while his license was suspended. **Id**. at 7-10. Officer Wilson confirmed that Appellant's license was still suspended. **Id**. at 11. When Officer Wilson had initially approached the vehicle, he smelled fresh marijuana, and upon a search of Appellant incident to arrest, Officer Wilson recovered burnt marijuana roaches from his pocket. **Id**. at 12. Officer Wilson directly observed the assisting officer recover a small amount of fresh marijuana and a suspected cocaine packet from the driver's side floorboard.

*Id*. at 12-13, 23. Stated simply, all the facts testified to were directly conducted or observed by Officer Wilson, the testifying officer at the hearing who was cross-examined by Appellant. Thus, Appellant's challenge does not rise to the level of an exceptional circumstance, and instead, merely amounts to an argument that there was a lack of *prima facie* evidence. Accordingly, we agree with the trial court that this order is interlocutory and unappealable. **See Jackson**, **supra.**

As to the order denying the bill of particulars, this order also is not final as it did not dispose of all claims and all parties. Pa.R.A.P. 341(b)(1). Thus, the order is necessarily interlocutory. Although Appellant contends this order is appealable pursuant to Pa.R.A.P. 311 in his statement of questions, this order is not an interlocutory order appealable as of right. **See** Pa.R.A.P. 311. Rather, this interlocutory order is only appealable via permission, and Appellant has not filed a petition for permission to appeal. Moreover, no exceptional circumstances exist warranting review of his claims pertaining to the denial of this order. Thus, we may not exercise our discretion to grant permission for review. **See Commonwealth v. Rosario**, 648 A.2d 1172, 1174-75 (Pa. 1994) (affirming this Court's quashal of an appeal from a pre-trial interlocutory order where the defendant did not file a petition for permission to appeal).

The only other possible basis for jurisdiction would be a determination that the order denying the bill of particulars was a collateral order. A collateral order is defined as "an order separable from and collateral to the main cause

of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). Since we review rulings on motions for bills of particular following a final judgment of sentence in criminal cases, the claim will not be irreparably lost by postponing review, and it therefore does not qualify as a collateral order. ***See e.g.***, ***Commonwealth v. Libengood***, 152 A.3d 1057 (Pa.Super. 2016).

For these reasons, the orders appealed from are interlocutory and unappealable. Therefore, we do not have jurisdiction to hear this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/01/2022