J-S54002-19
J-S54003-19

2022 PA Super 130

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRENDAN PATRICK YOUNG | : | No. 2088 MDA 2018 |

Appeal from the Order Entered November 21, 2018
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000784-2018,
CP-14-CR-0001389-2017, CP-14-CR-0001540-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL CASEY | : | No. 2089 MDA 2018 |

Appeal from the Order Entered November 21, 2018
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000781-2018,
CP-14-CR-0001377-2017, CP-14-CR-0001536-2018

BEFORE: BOWES, J., LAZARUS, J., and DUBOW, J.

CONCURRING OPINION BY LAZARUS, J.: **FILED AUGUST 03, 2022**

I concur in the result. Specifically, I join the Majority's disposition of

the Commonwealth's appeals from the orders granting, in part, the

suppression motions filed by Defendants Young and Casey. I agree that the

Commonwealth may file corrective, separate notices of appeal at each of the

six docket numbers at issue, rather than suffer the harsh result of quashal

pursuant to **Walker**. I write separately, however, to the extent that the Majority's holding today could be interpreted to foreclose that same avenue to parties who have included multiple docket numbers on their petitions seeking discretionary review of an interlocutory order. That issue is simply not before our Court today where the Supreme Court did not make any pronouncement on the **Walker** issue with regard to Rule 312 in denying Defendants' petition for review.

The instant notice of appeal was filed by the Commonwealth and, thus, this appeal *only* involves review of the orders granting suppression of evidence—orders that are deemed appealable as of right. **See** Pa.R.A.P. 311(d); **see also Young**, **supra** at 477-78 ("we remand to th[e Superior Court] to reconsider the Commonwealth's request to remediate its error"). In fact, the Supreme Court specifically denied Defendants' *nunc pro tunc* petition for review, **see** 10 MM 2020 (Pa. filed June 2, 2020) (per curiam order), declining to accept the appeal on a jurisdictional basis. **See Commonwealth v. Brister**, 16 A.3d 530, 534-35 (Pa. Super. 2011) ("appealability of an order directly implicates the jurisdiction of the court asked to review the order"). Therefore, a substantive discussion about Defendants' petition for review is inappropriate, and, concomitantly, the Defendants are foreclosed from raising any issue regarding that denial on appeal.[1]

_____

[1] I would note that the Defendants followed the proper procedure to challenge the trial court's decision on the constitutionality of the anti-hazing statute.
*(Footnote Continued Next Page)*

The majority paints with too broad a brush when it states that the **Walker** rule applies to appeals taken pursuant to Rule 312.[2]  **See** Majority Opinion, at 13 (emphasis added) ("The **Young** decision did not eliminate the requirement of **Walker** and its progeny that **separate notices of appeal** be filed when a single order implicates multiple docket numbers whether that appeal is taken pursuant to Rule 341, 311 or **Rule 312**.").  The decision today should not opine on the effect of **Walker** and its progeny on cases which are not appeals as of right, like the petitions for review filed by Defendants.  In my opinion, the issue of whether the dictates of **Walker** and its progeny

_____

First, they asked the trial court to certify that its order involved a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order would materially advance the ultimate termination of the matter.  **See** 42 Pa.C.S. § 702(b).  The trial court complied and included the appropriate certification language in its order.  Next, the Defendants filed a petition for permission to appeal to our Court requesting that we review the trial court's denial of their motion to find the anti-hazing statute unconstitutional.  **See** Pa.R.A.P. 312; Pa.R.A.P. 1311.  After our Court denied Defendants' petition for permission to appeal, Defendants filed a petition for leave of court to file a *nunc pro tunc* petition for review in the Supreme Court.  **Id.**  While the Supreme Court granted Defendants' petition for leave, the Court ultimately denied Defendants' petition for review, choosing not to remand for a consideration of whether Defendants should be permitted to correct their failure to file separate petitions for review at each of the dockets affected by the trial court's order.  Thus, that petition is not before us and we will not speculate as to what our Supreme Court's view would be with regard to the applicability of **Walker** to petitions for review.

[2] As the majority astutely notes, the processes for appealing interlocutory orders under Pa.R.A.P. 1311 and non-final orders appealable under Rule 311(d) are distinct.  The former process involves the filing of a **petition** seeking *discretionary* appellate review, while the latter encompasses the filing of a **notice of appeal** for review *as of right*.

pertain to petitions under Rule 312 is best saved for the Supreme Court or the Appellate Procedural Rules Committee. For these reasons, I write separately.

Dubow, J., joins this Concurring Opinion.