## MENTE CHEVROLET, OLDSMOBILE, INC., Petitioner,

v.

## Kenneth J. SWOYER, Respondent.

Superior Court of Pennsylvania.

Filed April 24, 1998.

Before DEL SOLE, MUSMANNO and ORIE MELVIN, JJ.

OPINION PER CURIAM:

Petitioner, Mente Chevrolet, Oldsmobile, Inc., seeks review of the trial court's refusal to amend its order to include the prescribed language for interlocutory appeals as set forth by 42 Pa.C.S.A. § 702(b). For the following reasons, we quash the petition as untimely.

The petitioner, Mente Chevrolet, brought this action against the respondent, Kenneth Swoyer, alleging violations of the Consumer Protection Law in connection with the transfer of title to an automobile. Specifically, Mente claims Mr. Swoyer certified false mileage and/or refused to disclose correct mileage on the transferred automobile. On May 28, 1997, Mente obtained a default judgment against Mr. Swoyer due to his failure to respond to Mente's complaint. On July 29, 1997, Mr. Swoyer filed a petition to open/

strike the default judgment. By order dated November 3, 1997, the trial court opened the judgment. Mente filed a motion for reconsideration which was denied on January 5, 1998. On January 29, 1998, Mente asked the court to certify its order for interlocutory review pursuant to 42 Pa.C.S.A. § 702(b). The court denied this request on February 3, 1998, and Mente filed the instant petition for review in accordance with Pa. R.A.P. 1511.

 Pursuant to Pa. R.A.P. 1311(b), "[a]n application for an amendment of an interlocutory order to set forth expressly the statement specified in 42 Pa.C.S. § 702(b) shall be filed with the lower court ... within 30 days after the entry of such interlocutory order ..."[1]. The rules dealing with review of interlocutory orders contain no specific provision for requesting reconsideration. However, it is true that a court may reconsider its own rulings. *Atlantic Richfield Co. v. J.J. White,* 302 Pa.Super. 276, 448 A.2d 634 (1982); 42 Pa.C.S.A. § 5505. It is also true that the thirty-day time limit for reconsideration imposed by 42 Pa.C.S.A. § 5505 applies only to final orders. *Hutchison by Hutchison v. Luddy,* 417 Pa.Super. 93, 611 A.2d 1280 (1992), *appeal dismissed,* 538 Pa. 484, 649 A.2d 435 (1994). Nevertheless, a trial court's right to reconsider its orders must be reconciled with the time limitations imposed by the Rules of Appellate Procedure. In those situations involving final orders, it has been determined that the best procedure for a party seeking reconsideration of a final order is to file both a motion for reconsideration and a notice of appeal. If reconsideration is granted then the notice of appeal becomes inoperative, but if reconsideration is denied then the party has still preserved his appellate rights. *Fortune/Forsythe v. Fortune,* 352 Pa.Super. 547, 508 A.2d 1205 (1986). *See also* Pa. R.A.P. 1701(b)(3) and Notes following.

We believe the same reasoning should apply when reconsideration and § 702(b) certification are sought for an interlocutory order. If the court were to grant reconsideration then there would be no need to certify the order at that time. If reconsideration were denied then the court could, within thirty (30) days of the original order, still certify the order under § 702(b). In the absence of certification, the party may file a petition for review under Chapter 15 of the Rules of Appellate Procedure. *See* Pa. R.A.P. 1311(b) and Notes following. By using this procedure, the trial court's right to reconsider an interlocutory order would only be curtailed in the event interlocutory review is permitted in the Superior Court. *See* Pa.R.A.P. 1701(d)(filing petition for review will not affect power of trial court to proceed further).

 Instantly, Mente should have sought certification within thirty (30) days of the November 3, 1997 order opening judgment. By first seeking reconsideration and waiting for its denial, Mente's request for § 702(b) certification in the trial court was rendered untimely. Therefore, we must quash the petition for review.

Petition quashed.

---

1. We also note that Pa. R.A.P. 1311 does not require the § 702(b) certification within thirty days of the interlocutory order. Instead, the request must be filed within thirty days and granted within thirty days after the request is filed or it is deemed denied.