**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Jason McMURREN, Appellant.**

Superior Court of Pennsylvania.

Motion Filed Oct. 25, 2007.
Filed March 7, 2008.

Jason McMurren, appellant, pro se.

John J. Petrush, Jr., Asst. Dist. Atty., for Com., appellee.

BEFORE: MUSMANNO, BOWES, and PANELLA, JJ.

OPINION PER CURIAM:

¶ 1 We consider whether a party is permitted to seek *nunc pro tunc* amendment of an interlocutory order in an effort to obtain interlocutory review by permission from this Court. We have published this decision to provide guidance to the bar about the correct procedure to utilize when attempting to obtain permissive review of interlocutory orders in this Court outside the context of Pa.R.A.P. 341(c). *See* Pa. R.A.P. 312 ("An appeal from an interlocutory order may be taken by permission pursuant to Chapter 13 (interlocutory appeals by permission).").

¶ 2 Appellant Jason McMurren, a juvenile, was charged in the adult system.[1] He petitioned for a transfer to the juvenile system, and that petition was denied on August 30, 2007. The order denying Appellant's request to transfer his case from the criminal division to the juvenile division is an interlocutory order. *See In the Interest of McCord*, 445 Pa.Super. 137, 664 A.2d 1046, 1048 (1995) ("Where a juvenile appeals the . . . denial of transfer from the criminal division, double jeopardy protections are not implicated. Such orders are . . . interlocutory, and are not appealable until judgment of sentence has been entered. The defendant's rights to contest the trial court's transfer decision are fully preserved . . . [and] may be vindicated on appeal."); *see generally Commonwealth v. Rosario*, 538 Pa. 400, 648 A.2d 1172 (1994) (plurality) (where a trial court denies a

defense pretrial order and the order neither terminates the litigation nor disposes of the matter, the order, by definition, is an interlocutory, non-appealable order); *Commonwealth v. Scott*, 396 Pa.Super. 339, 578 A.2d 933, 941 (1990) ("[T]he general rule in criminal cases is that a defendant may appeal only from a final judgment of sentence, and an appeal from any prior order or judgment will be quashed."). The order is neither appealable as of right under Pa.R.A.P. 311 nor as a collateral order under Pa.R.A.P. 313.

¶ 3 When a litigant seeks immediate appellate review in this Court of an otherwise interlocutory order, he must engage in a two-step process; the first step occurs at the trial court level, and the next step transpires at the appellate level. Initially, within thirty days of entry of the order, the litigant must obtain an amendment of the order from the trial court that entered it to include the language outlined in 42 Pa.C.S. § 702(b). Section 702(b) provides that if the trial court believes the interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order." Under Pa.R.A.P. 1311(b), "An application for an amendment of an interlocutory order to set forth expressly the statement specified in 42 Pa.C.S. § 702(b)" must be filed with the trial court "within 30 days after the entry of such interlocutory order." Rule 1311(b) further provides that if the trial court fails to act on the application to amend the interlocutory order to include the section 702(b) notation, that application "shall be deemed denied."

---

1. Since the order appealed from in this matter is interlocutory, the certified record was never submitted to this Court. Thus, our recitation of the facts is hindered because in garnering the pertinent facts, we are limited to the petitions filed in this matter.

¶ 4 If the petition to amend the interlocutory order is granted, and the order thus is altered to include the section 702(b) language, the second step to obtain appellate review is as follows. Rule 1311(b) accords the litigant thirty days after entry of the amended interlocutory order to seek review in this Court. Thus, Rule 1311(b) indicates, "Permission to appeal from an interlocutory order containing the statement prescribed by 42 Pa.C.S. § 702(b) may be sought by filing a petition for permission to appeal with the prothonotary of the appellate court within 30 days after entry of such order." Further guidance for seeking permission for review in this Court from the interlocutory order containing section 702(b) language is also provided by Pa.R.A.P. 1312(a). That rule mandates that the petition for permission to appeal include, among other things, the text of the order, including the statement by the lower court or other government unit that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter.

¶ 5 If the amendment request to include the section 702(b) language is denied or deemed denied because it was not ruled upon within thirty days, the litigant is not left without an option. In that instance, the second step to obtain appellate review is contained in the comment to Pa.R.A.P. 1311(d), which provides that recourse must be sought pursuant to chapter fifteen of the Rules of Appellate Procedure. That comment states that if the trial court "refuses to amend its order to include the prescribed statement [of section 702(b) ], a petition for review under Chapter 15 of the unappealable order of denial is the proper mode of determining whether the case is so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal." Thus, after being denied certification, the litigant's second step would be to petition this Court under chapter fifteen and establish the reason the case is so egregious as to require immediate correction of the trial court's ruling.

¶ 6 In the present case, rather than seeking amendment of the August 30, 2007 order to include section 702(b) language, Appellant filed a petition for review from that order in this Court on October 2, 2007. On October 11, 2007, this Court denied the petition for review because the August 30, 2007 order did not contain certification of the order by the trial court, as required under 42 Pa.C.S. § 702(b), Pa.R.A.P. 1311(b), and Pa.R.A.P. 1312(a)(2). Recognizing his error in not seeking such certification on October 15, 2007, and being well beyond the thirty-day period in which to seek certification, Appellant returned to the trial court to request the amendment of the August 30, 2007 order to set forth the certification statement. That same day, the trial court considered Appellant's petition as a *nunc pro tunc* request to amend the August 30, 2007 order. It then expressly allowed for the *nunc pro tunc* filing and entered a new order denying the transfer of the case to the juvenile court, but it refused to amend the August 30, 2007 interlocutory order to include the statutory language pursuant to 42 Pa.C.S. § 702(b).

¶ 7 Appellant subsequently filed this appeal in a motion titled, "Revised or Reconsideration of Petition for Review." In response, the Commonwealth filed a "Motion to Dismiss Petition for Review." We are presented with a novel issue, whether a party may seek certification of review of an interlocutory order *nunc pro tunc*. As noted, Pa.R.A.P. 1311(b) expressly provides a thirty-day limit within which to

seek certification of an interlocutory order for review. *Mente Chevrolet v. Swoyer,* 710 A.2d 632 (Pa.Super.1998) (request for certification sought more than thirty days after entry of interlocutory order was deemed untimely). Further, Appellant's October 2, 2007 initial petition for review to this Court was filed more than thirty days after the August 30, 2007 order and would likewise appear to be untimely without consideration of the *nunc pro tunc* request. *See also* Pa.R.A.P. 1512(a)(1) (petition for review to be filed within thirty days of interlocutory order sought to be reviewed).

¶ 8 The Pennsylvania Rules of Appellate Procedure are silent with regard to extending the time in which to seek certification of an order for interlocutory review. The rules, however, do provide for the trial court's jurisdiction after the entry of an interlocutory order. Rule 1701 states:

> **(b) Authority of a trial court or agency after appeal.**
>
> After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may: (6) Proceed further in any matter in which a non-appealable interlocutory order has been entered, not-withstanding the filing of a notice of appeal or a petition for review of the order.

Pa.R.A.P. 1701(b)(6).

¶ 9 Clearly, the trial court would have had the authority to amend the underlying order sought to be reviewed, which was entered on August 30, 2007, pursuant to Rule 1701(b)(6) because the August 30, 2007 order, itself being interlocutory, remained subject to amendment. *Cf.* 42 Pa. C.S. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."); *Mente Chevrolet v. Swoyer, supra* at 633 ("the thirty-day time limit for reconsideration imposed by 42 Pa.C.S. § 5505 applies only to final orders"). However, that is not at issue in this case as the trial court did not purport to modify the underlying order. Instead, it extended the time limits provided for petitions for review, particularly the time to seek certification of the order for interlocutory review, but then declined to "amend" the August 30, 2007 order. Therefore, the provisions of Rule 1701(b)(6) are inapplicable.

¶ 10 Accordingly, we consider Pa.R.A.P. 1311(b), which denotes that an interlocutory order may be appealed by permission if the trial court certifies, within the limits provided by Rule 1311(b), that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the matter. *See* Pa. R.A.P. 1312(a)(2). In whole, Rule 1311(b) delineates a defined procedure with express time limits to follow when seeking appellate review of an interlocutory order.

¶ 11 Permitting the trial court to entertain a *nunc pro tunc* certification request is at odds with the intent and purpose of allowing for interlocutory review of an order. As noted, the intent and purpose is to materially advance the ultimate termination of the matter. We find that enabling a defendant to thwart the rules by extending the time limit for a certification request would not advance the ultimate disposition of the case; such delay will only postpone it.

¶ 12 We further observe that Appellant's petition for review contains many deficits that would preclude this Court from granting relief under Pa.R.A.P. 312. If the petition for amendment of the August 30, 2007 order had been granted, it would be

necessary, at a minimum, to include in the petition for interlocutory review to this Court some facts which would support a determination that this is a case where "substantial grounds for a difference of opinion" exist as to whether Appellant should be processed in the juvenile system for his actions rather than prosecuted as an adult.

¶ 13 Appellant's petition does not include the nature of the underlying acts for which he was charged nor does it contain any indication as to whether Appellant is amenable to juvenile treatment. As noted, we are not given the record in any case until we have granted review. Thus, a petition for interlocutory review must, on its face, contain sufficient averments that would warrant review of an interlocutory order by this Court.

¶ 14 Furthermore, this case involved the denial of a request for section 702(b) certification. Thus, in order to obtain review in this Court, Appellant must present a factual basis for a finding that this case is "so egregious as to justify prerogative appellate correction of the exercise of discretion by the lower tribunal." Comment, Pa. R.A.P. 1311. That would at the very least demand a recitation of Appellant's age, the underlying acts that constitute the crimes in question, the danger posed by Appellant's processing in the adult system, and an explanation of why that danger is not obviated by review of the order after final judgment. Appellant's petition does not provide any factual basis that would justify a finding that he should not be processed as an adult. Hence, we deny review.

¶ 15 Motion for reconsideration of petition for review denied. Commonwealth's motion to dismiss petition for review granted.