J-A05004-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN C. HELD | : | |
| | : | |
| Appellant | : | No. 151 WDA 2019 |

Appeal from the Order Entered December 28, 2018
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0001218-2018

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    FILED JUNE 10, 2020

Appellant, Jonathan C. Held, appeals from the order denying his motion for judgment of acquittal, which he filed following a mistrial due to a hung jury.  In this appeal, Appellant presents several challenges to the sufficiency of the evidence presented at trial.  After careful review, we quash his appeal.

In early 2018, the Commonwealth charged Appellant with restricted activities—conflict of interest, 65 Pa.C.S. § 1103(a); theft by unlawful taking—moveable property ("theft of property"), 18 Pa.C.S. § 3921(a); and theft by diversion of services, 18 Pa.C.S. § 3926(b).  The offenses related to the general allegation that Appellant, formerly the elected Sherriff of Westmoreland County, had commandeered taxpayer-funded employees and resources to aid in his re-election campaign during 2015 and 2016.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant's jury trial commenced on December 3, 2018. After all the evidence was presented, the trial court dismissed the theft of property offense due to insufficient evidence. On December 7, 2018, the jury deadlocked on the remaining charges after extensive deliberations, prompting the trial court to declare a mistrial.

On December 17, 2018, Appellant filed a timely post-trial motion for judgment of acquittal.[1] Therein, he presented several arguments that the evidence presented at trial was insufficient to prove conflict of interest and theft by diversion. The trial court heard oral argument on the motion before denying it by order dated December 28, 2018. Appellant then filed a timely notice of appeal from that order, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. On April 11, 2019, the trial court issued its Rule 1925(a) opinion.

Appellant now presents the following questions for our review:

    I.    Was the evidence insufficient as a matter of law to sustain [a] finding of guilt [for conflict of interest], insofar as the Commonwealth did not prove beyond a reasonable doubt that … Appellant … used his office for a private pecuniary benefit?

    II.    Alternatively, was the evidence insufficient as a matter of law to sustain [a] conviction [for conflict of interest], insofar

---

[1] "A written motion for judgment of acquittal shall be filed within 10 days after the jury has been discharged without agreeing upon a verdict." Pa.R.Crim.P. 608(a)(2). "A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." Commonwealth v. Andrulewicz, 911 A.2d 162, 165 (Pa. Super. 2006).

as assuming arguendo that ... Appellant ... accrued a pecuniary gain, the gain was de minim[i]s?

III. Was the evidence ... insufficient as a matter of law to sustain the finding of guilt [for theft by diversion], insofar as the Commonwealth did not prove beyond a reasonable doubt that ... Appellant ... knowingly and/or intentionally diverted services to his own benefit?

IV. Did the court err[] in denying the Motion for Judgment of Acquittal on the grounds that the charge of [theft by diversion] should have been dismissed on the grounds that the conduct amounted to a de minim[i]s infraction under 18 Pa.C.S. § 312?

Appellant's Brief at 5.

Before "reaching the merits of any appeal, this Court must first ascertain whether the order appealed from is properly appealable. Indeed, since the question of appealability implicates the jurisdiction of this Court, the issue may be raised by this Court sua sponte." Commonwealth v. Horn, 172 A.3d 1133, 1135 (Pa. Super. 2017) (cleaned up). "Under Pennsylvania law, an appeal may be taken from: (1) a final order or an order certified by the trial court as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; (4) or a collateral order." Chase Manhattan Mortg. Corp. v. Hodes, 784 A.2d 144, 144 (Pa. Super. 2001).

In the statement of jurisdiction section of his brief, Appellant attempts to invoke this Court's jurisdiction pursuant to 42 Pa.C.S. § 742, which provides as follows:

The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision

of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

42 Pa.C.S. § 742 (emphasis added).

A final order is one that 1) disposes of all claims and of all parties, or 2) is designated a final order by the trial court pursuant to Pa.R.A.P. 341(c). See Pa.R.A.P. 341(b). The order under review, which denied Appellant's post-trial motion for judgment of acquittal, did not dispose of any party or any claim. Indeed, a mistrial was declared, from which a new trial follows as a matter of course.[2] Furthermore, there is no indication in record that the trial court designated that order as a final order pursuant to Rule 341(c). Thus, the order was not final and, consequently, not appealable as such. However, because we are raising jurisdictional concerns in this case sua sponte, we further consider whether this appeal is permitted as an interlocutory order appealable as of right, as an interlocutory order appealable by permission, or as a collateral order.

Rule 311 of the Pennsylvania Rules of Appellate Procedure enumerates the various interlocutory orders that are appealable as of right. The order in

_____

[2] This Court has previously recognized that:

> After a mistrial due to a deadlocked jury, a new trial follows as of course. Conversely, when a court awards a new trial, that trial occurs only because the court issued an order granting it. Importantly, while an award of a new trial is immediately appealable under Pa.R.A.P. 311(a)(6), a mistrial and any new trial arising therefrom is not.

Kronstain v. Miller, 19 A.3d 1119, 1124 (Pa. Super. 2011) (cleaned up).

- 4 -

question does not satisfy the criteria for any provision of Rule 311. The only provision which ostensibly could be construed as applying to the procedural posture of this case is that of Rule 311(a)(6), which provides that an appeal may be taken from an

> order in a civil action or proceeding awarding a new trial, or an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge or where the Commonwealth claims that the trial court committed an error of law.

Pa.R.A.P. 311(a)(6).

However, in rejecting the applicability of Rule 311(a)(6) in these circumstances, we find persuasive this Court's reasoning for quashing the appeal in Commonwealth v. Wardlaw, 225 A.3d 1154 (Pa. Super. 2019) (unpublished memorandum). In that case, Wardlaw argued that Rule 311(a)(6) applied, as here, to an order denying a motion for judgment of acquittal following a mistrial due to a hung jury.[3] Writing for the Court, the Honorable Mary Jane Bowes indicated that because a new trial follows as a matter of course from a mistrial due to a hung jury, a new trial had not been 'awarded' within the meaning of Rule 311(a)(6). See Commonwealth v. Wardlaw, No. 1716 WDA 2018, unpublished memorandum at 4 (Pa. Super. filed December 12, 2019). We agree with Judge Bowes' analysis and, therefore, conclude that the interlocutory order under review does not satisfy

---

[3] Unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. See Pa.R.A.P. 126(b)(2).

Rule 311(a)(6), nor any other category of interlocutory orders that are appealable as of right.

Next, we consider whether the order is an interlocutory order appealable by permission.

> When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S. § 702(b) (emphasis added).

Instantly, the order in question does not contain any language resembling the requirements of Section 702(b) for certification of the order for immediate appellate review. See Order, 12/28/18, at 1 (single page). Moreover,

> the proper procedure to be followed if the trial court's order does not include the requisite certification pursuant to Section 702(b) is to request the court to amend its order accordingly. If the court refuses to amend its order to include the requisite certification, it must do so by order denying the amendment.

> The appellant must then challenge the order denying the amendment by filing a petition for review pursuant to Chapter Fifteen of the Rules of Appellate Procedure, rather than a Petition for Permission to appeal under Chapter Thirteen of the Appellate Rules.

Hoover v. Welsh, 615 A.2d 45, 46 (Pa. Super. 1992) (unnecessary capitalization omitted).

There is no evidence in the record that Appellant sought to amend the order under review to include a Section 702(b) certification by the trial court. Accordingly, that order is not properly before us an interlocutory order appealable by permission.

Finally, we consider whether the at-issue order was nevertheless a collateral order that was appealable as of right.

> The "collateral order doctrine" permits an appeal as of right from a non-final order if the order is separable from and collateral to the main action, involves a right too important to be denied review, and involves a claim that will be irreparably lost if review is postponed until final judgment.

Custom Designs & Mfg. Co. v. Sherwin-Williams Co., 39 A.3d 372, 375 n.2 (Pa. Super. 2012).[4]  Here, Appellant is entitled to test the sufficiency of the Commonwealth's evidence before a factfinder during retrial, and, if convicted, he may appeal on sufficiency grounds from any resulting judgment of sentence.  Thus, it is clear that the sufficiency claims raised in the instant appeal will not be irreparably lost if review of those claims is postponed.[5]

_____

[4] See also Pa.R.A.P. 313(b), defining a collateral order as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."  A collateral order, so defined, is appealable as of right. Pa.R.A.P. 313(a).

[5] The instant matter is similar to situations where a defendant files a pre-trial motion to dismiss an indictment (indeed, a post-trial motion following a mistrial due to a hung jury is, effectively, a pre-trial motion for the pending retrial).  "The general rule in criminal cases is that a defendant may appeal only from a final judgment of sentence, and an appeal from any prior order or

Therefore, we conclude that the at-issue order is not appealable as of right under the collateral order doctrine.

As we cannot ascertain any basis for the appealability of the order denying Appellant's motion for arrest of judgment, we do not reach the merits of Appellant's claims, and we are compelled to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2020

_____

judgment will be quashed." Commonwealth v. Ivy, 146 A.3d 241, 255 (Pa. Super. 2016) (quoting Commonwealth v. McMurren, 945 A.2d 194, 195 (Pa. Super. 2008)). The only notable exception is that "criminal defendants have a right to appeal a trial court's pre-trial double jeopardy determination...." Commonwealth v. Orie, 22 A.3d 1021, 1024 (Pa. 2011). Appellant's claims do not involve double jeopardy principles.