J-A07005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| A. U. | : | |
| | : | |
| Appellant | : | No. 1634 EDA 2021 |

Appeal from the Order Entered July 13, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006346-2021

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 12, 2023**

Appellant, A.U., appeals from the order entered in the Philadelphia County Court of Common Pleas, on July 13, 2021, denying Appellant's motion to dismiss all charges.[1]  Recognizing that the order is not an appealable final order, Appellant invokes Pa.R.A.P. 313, claiming that the interlocutory order is a collateral order appealable as of right.  After careful review, we conclude that the order does not satisfy Rule 313(b) and quash the appeal.

The charges in this case arise from accusations made by Z.M. ("Complainant") in June 2020.  Complainant accused Appellant of committing serious sexual offenses against Complainant on several days in 2014 or 2015, when Complainant was approximately 7 years old and Appellant was approximately 15 years old.

---

[1] As Appellant claims that this case should have remained in Juvenile Court, we have retained the use of initials in the caption.

On July 29, 2020, when Appellant was approximately one month shy of his 21st birthday, the Commonwealth filed a delinquency petition in the Family Court Division of the Court of Common Pleas ("Juvenile Court") charging Appellant, *inter alia*, with Rape, Involuntary Deviate Sexual Intercourse, and Incest.[2]  The Commonwealth filed a request to certify the case to the Criminal Division to prosecute Appellant as an adult.

On August 19, 2020, at the conclusion of a certification hearing, the Juvenile Court found that the Commonwealth had failed to establish a *prima facie* case and dismissed the charges.  The court opined, that it "didn't have to get to [the] certification [issue] because [the Commonwealth] didn't get past the preliminary hearing."[3]

The Commonwealth did not appeal.  Instead, it refiled the charges in the Criminal Division on December 3, 2020, just over three months after Appellant's 21st birthday.

On April 28, 2021, Appellant filed a motion to dismiss the charges. Appellant argued that the Commonwealth could not "circumvent [the Juvenile Court's] ruling by simply waiting" until Appellant turned 21 to refile the

_____

[2] 18 Pa.C.S. §§ 3121(a)(1), 3123(a)(1), and 4302(a), respectively.

[3] N.T., 8/19/20, at 100; **see** 42 Pa.C.S. § 6355(a)(4)(i) (providing that transfer is only permissible if the court finds, *inter alia*, "that there is a *prima facie* case that the child committed the delinquent act alleged").

- 2 -

charges, rather than filing an appeal from the Juvenile Court's order.[4]  On July 13, 2021, the court denied Appellant's motion to dismiss.

Appellant filed a Notice of Appeal on August 11, 2021.[5]  The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement nor did it file an opinion because the trial judge had retired.

Appellant raises the following questions before this Court, which we have reordered:

> 1. Is not this matter properly before the Superior Court as a collateral appeal pursuant to Pa.R.A.P. 313?
>
> 2. Where Appellant, as a child properly under the jurisdiction of juvenile court, was charged with delinquent acts, and where [J]uvenile [C]ourt denied certification of Appellant to criminal court, and where the Commonwealth did not appeal the denial of certification but instead filed the same charges against Appellant in criminal court after Appellant turned 21 years old, was not criminal court without jurisdiction to proceed with the prosecution of Appellant, and should not all charges against Appellant have been dismissed?
>
> 3. Did not the Commonwealth, in pursuing charges against Appellant in criminal court, and the [criminal court], in declining to dismiss all charges against Appellant, violate Appellant's substantive due process right to fundamental fairness and procedural due process rights under the Juvenile Act and appellate process?

**A.**

_____

[4] Motion to Dismiss, 4/28/21, at ¶ 13.

[5] This Court initially issued a Rule to Show Cause why the appeal should not be dismissed as interlocutory.  After reviewing Appellant's response, this Court discharged the rule and deferred judgment until panel review.

Before considering the merits, we first address whether this Court has jurisdiction to hear this appeal. We reiterate that the "appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Commonwealth v. Brister*, 16 A.3d 530, 533 (Pa. Super. 2011) (citations omitted). "Generally, subject to limited exceptions, litigants may appeal only final orders." *Commonwealth v. Flor*, 136 A.3d 150, 154-55 (Pa. 2016). One exception, set forth in Pa.R.A.P. 313, allows appeals as of right from collateral orders.

As defined by Rule 313, a collateral order is "an order [1] separable from and collateral to the main cause of action [2] where the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). "This [C]ourt construes the collateral order doctrine narrowly to avoid piecemeal determinations and protracted litigation." *Commonwealth v. Jerdon*, 229 A.3d 278, 284 (Pa. Super. 2019). Indeed, an appellate court lacks jurisdiction over an appeal if any one of the three prongs of Rule 313(b) is missing. *Commonwealth v. Harris*, 32 A.3d 243, 248 (Pa. 2011).

As we determine that Appellant fails to demonstrate the third prong of Rule 313(b), we address only that prong, which asks whether his claim will be irreparably lost if review is postponed until final judgment. Irreparable loss results "if no effective means of review exist after the entry of final judgment." *Commonwealth v. Davis*, 242 A.3d 923, 929 (Pa. Super. 2020).

**B.**

Appellant argues that he will be "deprived of the right to be treated as a juvenile under the provisions of the Juvenile Act" if review is denied until final judgment in the Criminal Division. Appellant's Br. at 40-41. His argument focuses on two aspects of the Juvenile Act that he claims will be lost if review is delayed: increased privacy protection and less onerous punishment.[6] After review, we conclude that neither claim satisfies the "irreparable loss" prong of Rule 313(b).

This Court previously rejected a defendant's claim that an appeal challenging prosecution in adult criminal court, rather than juvenile court, satisfied the collateral order doctrine, as we held that the defendant's rights to contest prosecution as an adult were "fully preserved . . . [and] may be vindicated on appeal." ***Commonwealth v. McMurren***, 945 A.2d 194, 195 (Pa. Super. 2008) (citation omitted).[7] We find the same applies to Appellant's claims invoking the Juvenile Act's privacy protections and reduced punishment.

Initially, Appellant's claim that he is entitled to the rights of privacy protection and reduced punishment from the Juvenile Act are highly

---

[6] Appellant also asserts that his claims to substantive and procedural due process will be lost if review is delayed. Appellant's Br. at 40-41. Appellant, however, waived these claims by failing to raise the issues in his Motion to Dismiss, where he merely mentioned the term "fundamental fairness" without development. Motion to Dismiss, 4/28/21, at ¶ 17; ***see*** Pa.R.A.P. 302(a).

[7] In ***McMurren***, we addressed the appeal of an order denying a defendant's request to transfer a case from adult criminal court to juvenile court.

speculative and doubtful. In **Commonwealth v. Armolt**, the Supreme Court held that a juvenile court's jurisdiction is limited to "offenders who committed an offense while under the age of eighteen **only** if they are prosecuted before turning twenty-one." **Commonwealth v. Armolt**, No. 86 MAP 2021, 2023 WL 3470889, at *6 (Pa. May 16, 2023) (citing 42 Pa.C.S. § 6302 (defining "child")) (emphasis in original). In contrast, and as applicable to Appellant, "adult criminal courts possess jurisdiction over the prosecution of an individual who is over the age of twenty-one for crimes committed as a juvenile." **Id.** at *1. Thus, it is doubtful that the Juvenile Court has jurisdiction over this case or that Appellant has any right to the protections that the Juvenile Act provides to juveniles. Consequently, Appellant has not shown a right that he will lose if review is postponed until final judgment.

Even assuming that the Juvenile Act applies, Appellant has failed to demonstrate that the Juvenile Act provides the protection Appellant claims or that his rights would be lost if review is delayed. Appellant first argues that if this Court does not review the court order at this stage, he will lose the privacy protections that the Juvenile Act could provide him. We reject this claim. While Juvenile Act proceedings are generally closed to the public, proceedings in Appellant's case would have been presumptively open given his age and the crime charged, thus undermining his claim to increased privacy in Juvenile

Court.[8] Moreover, while he identifies distinctions in the treatment of juveniles and adult offenders under the Criminal History Records Information Act ("CHRIA"),[9] he fails to explain why his record could not be remedied on appeal if a court eventually determines that the juvenile provisions of the CHRIA should apply to Appellant. Thus, Appellant's claim of increased privacy protection under the Juvenile Act would not be irreparably lost if review is delayed.

We likewise dispose of Appellant's second assertion that prosecution in the Criminal Division subjects him to substantially greater punishment than under the Juvenile Act. Appellant's Br. at 38. While it is indisputable that Appellant would be subject to greater punishment if convicted in the Criminal Division than in Juvenile Court, denial of review at this stage does not prevent him from challenging any erroneous imposition of punishment by appealing his judgment of sentence in due course.

Accordingly, we find that Appellant's asserted claims will not be irrevocably lost if review is delayed until the entry of a final order. Therefore, we quash the appeal because Appellant did not satisfy the requirements of Rule 313(b).

_____

[8] The Juvenile Act provides for open proceedings "where the child was 14 years of age or older at the time of the alleged conduct and the alleged conduct would be considered a felony if committed by an adult." 42 Pa.C.S. § 6336(e)(1).

[9] 18 Pa.C.S. §§ 9101-9183.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2023